## FINDLAY (city) v
## AMERICAN SURETY CO et

Ohio Appeals, 3rd Dist, Hancock Co

No 354.  Decided Jan 24, 1935

Fred R. Hover, Findlay, and Clifford E. Glathart, for plaintiff in error.

Smith, Beckwith, Ohlinger & Froelick, Toledo, and Charles A. Blackford, Findlay, for defendant in error.

decision, be treated in the same manner. 35 Oh St 606.

The bond which is involved in this action, as shown by the| allegations of the petition with reference to the conditions thereof, was entered into pursuant to the provisions of §4295 GC, which are as follows:

"Sec 4295 GC. Deposit of Public Funds; acceptable securities.—

The council may provide by ordinance for the deposit of all public moneys coming into the hands of the treasurer, in such bank or banks, situated within the municipality or county, as offer, at competitive bidding, the highest rate of interest and give a good and sufficient bond issued by a surety company authorized to do business in the state, or furnish good and sufficient surety, or secure said moneys by a deposit of bonds or other interest bearing obligations of the United States or those for the payment of principal and interest of which the faith of the United States is pledged, including bonds of the District of Columbia; and farm loan bonds issued under the provisions of the act of congress known as the federal farm loan act, approved July 17, 1916, and amendments thereto; and bonds issued by the home owners loan corporation pursuant to the act of congress known as the home owners loan act of 1933, and the amendments thereto; bonds of the State of Ohio or of any other state of the United States; legally issued bonds of any city, village, county, township or other political subdivision of this or any other state or territory of the United States and as to which there has been no default of principal, interest or coupons, and which in the opinion of the treasurer are good and collectible providing the issuing body politic has not defaulted at any time since the year 1900, in the payment of the principal and interest of any of its bonds; notes issued under authority of law by any county, township, school district, road district or municipal corporation of this state; said security to be subject to the approval of the proper municipal officers, in a sum not less than ten per cent in excess of the difference between the maximum amount at any time to be deposited, and such portion or amount thereof as shall at any time be insured by the federal deposit insurance corporation created pursuant to the act of congress known as the banking act of 1933, or by any other agency or instrumentality of the federal government, pursuant to said act or to any

## OPINION

By GUERNSEY, J.

The amended petition to which the demurrer was sustained, incorporated by reference all the exhibits attached to the original petition, and these exhibits as well as the exhibits attached to the amended petition, were treated by the plaintiff in his amended petition and by the defendant in its demurrer to the amended petition, and by the trial court on hearing of the demurrer, and by the parties in their briefs in this court, as a part of the petition, and they will therefore, for the purpose of this

acts of congress amendatory thereof. And whenever any of the funds of any of the political subdivisions of the state shall be deposited under any of the depository laws of the state, the securities herein mentioned in addition to such other securities as are prescribed by law, may be accepted to secure such deposits."

In the case of **Village of Wyoming v The Citizens Trust & Guaranty Company, 9 Oh Ap page 225,** application to certify the record in which was overruled, **16 Ohio Law Reporter, page 11,** which was a case involving the construction of a bond given pursuant to the section above mentioned, it was held that:

"A bond securing deposits made by city or village in a designated depository is a statutory bond into which the provisions of the statute must be read, and the surety will be held to have contracted with reference to such statutory provisions.

"The amount for which the surety is liable, up to the face of its bond, is the amount with interest shown to remain due the municipality after liquidation of the depository."

This holding is in conformity with the decisions in the cases of the **Southern Surety Company v Chambers et, 115 Oh St 434; American Guaranty Company v The Cliff Wood Coal & Supply Company, 115 Oh St 524; The American Guaranty Company v Steel Company, 115 Oh St 626,** and is supported by the weight of authority in other states. 98 A.L.R. 682.

In the Village of Wyoming case, supra, the amount of the bond was $10,000.00 and the amount deposited in the bank at the time of the suspension, including interest, was $19,306.19, and the court held that the surety company was liable for the deficiency. between the amount received by the village by way of dividends on its claim, and the total amount of $19,306.19. The measure of liability was stated in this manner for the reason that action was not brought on the bond until the deficiency was determined. However, following the reasoning in that case it appears that the true rule is that the liability of a surety on a bond given pursuant to §4295, GC, becomes absolute on the failure of the depository bank, principal, to pay in due course on legal demand all moneys deposited pursuant to the bond by the municipality, obligee, and that upon such failure it is the statutory duty

and obligation of the surety to pay on demand to the municipality the amount of such deposits up to at least the amount of such bond, irrespective of whether the amount of such deposit exceeds the amount of such bond, and that the ultimate out of pocket liability of the surety on the bond is the difference between the amount paid in liquidating dividends by the depository bank on account of such deposit, and the amount of such deposit with interest. And following the reasoning in the Village of Wyoming case and the other Ohio cases above cited, it is clear that any provision of the bond in any way tending to modify or lessen the statutory liability on the bond, is wholly void, such bond provisions not being effective to operate as a repeal or nullification of the provisions of the statute.

As the liability on the bond is fixed by statute and the statutory liability cannot be modified by provisions of the bond, any right of subrogation provided in the bond which has the effect of reducing the statutory duty and obligation of the surety on the bond is void, and the right of the surety to subrogation upon payment of the principal sum of the bond to the obligee must be determined by the general rules of equity relating to subrogation and not by resort to the provisions of the bond relating to subrogation. The question therefore arises as to what right of subrogation under the general rules of equity, a surety who has paid an obligee the principal amount of such bond, has as against the obligee of such bond to the liquidating dividends that may be paid by such depository bank on account of such deposit.

In **60 C.J., at pages 745 and 746,** the rule with reference to subrogation in the event mentioned, is stated as follows:

"To prevent impairment of the creditor's superior right to the possession and benefit of all securities and rights attaching to the debt until it is paid in full, it is generally held that, in order for the surety to have subrogation the debt must be fully paid; and although a surety has paid the entire amount for which he is liable, he is not entitled to be subrogated to the securities or rights which are held to enforce payment of other sums which remain unpaid."

The above rule is supported by many cases cited at **page 746, 60 C. J.,** including the cases of **United States v National Surety Company, 254 U. S. 73, 41 Supreme Court**

Reporter, 29; Peoples v Peoples Brothers, Inc., 254 Federal, 489; U. S. F. & G. Co. v Union Bank & Trust Company et, Circuit Court of Appeals, Sixth District, 228 Federal Reporter, 448, and is specifically applied to surety on bond indemnifying obligee against loss for money deposited in bank, in the case of Maryland Casualty Company v Fouts, 11 Federal, Second Series, 71.

Applying the foregoing rules of law to the amended petition and the facts set forth in the exhibits therein referred to, the amended petition in legal effect charges statutory liability of the surety company to the city on the depository bond in the amount and of the nature hereinbefore set forth, which is not modified by the provisions of the bond with reference to the right of subrogation of the surety; that the surety company on payment of the principal sum of the bond was entitled to be subrogated to the claim of the city against the bank on account of such deposit only when the city had received the full amount of such deposit with interest, which is in conformity with the general rules of equity relating to subrogation; that the surety company having no right to subrogation to the city's claim against the bank on account of such deposit until the city had been paid the full amount of such deposit with interest, received liquidating dividends amounting to $130,000.00 on $200,000.00 of the city's said deposit while there remained owing to the city on said deposit the sum of $14,096.35, which dividends up to the sum of $14,096.35 belonged to the city.

The question then arises as to whether the city upon such state of facts under its amended petition, is entitled to a remedy against the surety company to recover said sum of $14,096.35, with interest.

In 27 O. J. at page 146, the rule is stated:

"Where one receives money that in equity and good conscience belongs to another the latter may recover it as money received to his use. In other words action lies in every instance where one has come into possession of money which should in good conscience be refunded to another."

While the petition states some facts indicating that the pleader considered the action as an action on the bond, the petition as a whole, as above set forth, charges the receipt by the surety company of money belonging to the city, and under the rule last mentioned, constitutes a cause of action for money received by the surety

company to the use of the city. The fact that the city, as shown by the receipt attached to the amended petition, had received $200,000.00 from the surety company in full discharge of the surety company's liability on the bond, is in no way a bar to the right of the city to recover, as under the cause of action stated in the petition the right to recover is based on the receipt by the surety company, of dividends belonging to the city and is not based on the bond. For the same reason the provision of the bond limiting the time for action on the bond is not applicable.

As the petition states a cause of action for money had and received, the demurrer should have been overruled. This being the case, the judgment of the lower court will be reversed and the cause remanded with instructions to the lower court to overrule the demurrer, and for further proceedings according to law.

CROW, PJ, and KLINGER, J, concur.