**HARSHMAN v HARSHMAN et**

Ohio Appeals, 2nd Dist., Greene Co.

No. 470. Decided Dec. 9, 1941.

H. P. Williamson, Dayton, and George H. Smith. Xenia, for plaintiff-appellant.

Harshman & Young, Dayton, and William A. Miller, Xenia, for defendants-appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Common Pleas Court of Greene County, Ohio.

The trial court sustained a general demurrer to plaintiff's petition and dismissed her action on the ground that plaintiff failed to state a cause of action. Naturally this becomes the sole and only question for our determintion on plaintiff's appeal.

Plaintiff's petition named as defendants herself, as executrix, and John B. Harshman, as executor, of the last will and testament of John F. Harshman, deceased; also named as party defendants John B. Harshman, Mary Harshman, Myrtle H. Brill and Betty Jane Brill.

The pertinent facts alleged in the petition are substantially as follows:

It is alleged by plaintiff that she is the surviving spouse of John F. Harshman, deceased, and executrix of his last will and testament; that the defendant John B. Harshman, is a son of John F. Harshman, deceased, a devisee, legatee and executor of the last will and testament of John F. Harshman, deceased; that the defendant Myrtle H. Brill is a daughter of John F. Harshman, deceased, a devisee and legatee under his will; that Betty Jane Brill, a minor, is a granddaughter of John F. Harshman, deceased, a devisee and legatee under his will. It is alleged that John F. Harshman died on or about the_____day of_____, 19__, and that on the 14th day of June, 1928, his last will and testament was admitted to probate in the Probate Court of Greene County, Ohio, and administration issued at once to the afore-named

Alethea L. Harshman and John B. Harshman; that on August 13, 1929, the said executrix and executor filed in the Probate Court of Greene County an instrument purporting to be a first and final account.

It is further alleged that the said John F. Harshman died seized of the following described real estate (then follows a description by metes and bounds of two tracts of land), alleged to contain 112.12 acres. It is further alleged that on or about the 12th day of June, 1924, the said John F. Harshman executed and delivered to The Union Central Life Insurance Company of Cincinnati, Ohio, certain promissory notes, the first notes being for the sum of $398.75, and twenty notes for the sum of $661.38 each, the first note being payable on May 1, 1925, and the remaining 20 notes of $661.38 each being payable on the same day in each of the succeeding years; that plaintiff signed said notes as an accommodation maker and as the wife of John F. Harshman, deceased; thereafter and upon the death of John F. Harshman, deceased, said notes were paid as the same became due and payable.

Plaintiff further says that plaintiff paid out of her own funds and monies the fifth note of said series in the sum of $661.38, a copy of which note, together with all the endorsements thereon, is attached and made a part of the petition, as Exhibit A; that at the time of the payment of said note there were no funds in the estate of John F. Harshman, deceased, with which to pay the same.

Plaintiff alleges that on the 26th day of April, 1940, plaintiff petitioned the Probate Court of Greene County, Ohio, for an allowance of the claim on account of the payment of said note, which petition was on the 30th day of July, 1940, stricken from the record and rejected by the Probate Court of Greene County, Ohio, that this plaintiff is subrogated to all of the rights that The Union Central Life Insurance Company had or may have as payee of said promissory notes, and that there is due this plaintiff upon said promis-

sory note the sum of $661.38, with interest at the rate of 8% per annum from the 1st day of May, 1929.

The 2nd, 3rd, 4th, 5th and 6th causes of action are set out in the petition, being substantially the same form as the first cause of action, except as to the date of payment.

Under the 2nd, 3rd, 4th causes of action plaintiff alleges that she made the payments on the 28th day of April, 1934.

In the 5th cause of action it is alleged that plaintiff made payment on the 1st day of May, 1935, and in the 6th cause of action, the 1st day of May, 1936.

In the 7th cause of action plaintiff alleges that on the 12th day of June, 1924, John F. Harshman, deceased, together with this plaintiff, his wife, who released her dower therein, duly executed and delivered to The Union Central Life Insurance Company of Cincinnati, Ohio, his certain mortgage deed on the following real estate and the rents and profits thereof. (Then follows a detailed description of two tracts of land, as containing in the aggregate 112.12 acres more or less).

It is alleged that the mortgage deed contained the following conditions:

"Provided, nevertheless, that if the said mortgagors shall pay, or cause to be paid, to the order of the said The Union Central Life Insurance Company, the certain promissory notes of even date hereinafter described, according to the tenor and effect thereof, and shall pay the taxes on said property when due and shall also pay all taxes that may be levied or assessed upon this mortgage or the indebtedness secured thereby, including registration or filing taxes; and shall not cut timber from said premises exceeding $50 in value without the consent of the grantee, in writing, signed by one of its officers, then these presents shall be void, otherwise the whole amount secured hereby shall, at the option of the said the Union Central Life Insurance Company, or the legal holder of said notes, become immediately due

and payable and this mortgage may be foreclosed accordingly; said notes are described as follows; namely:

"The first note being for Three Hundred Ninety-eight and 75/100 Dollars, and the remaining 20 notes for Six Hundred, Sixty-one and 38/100 Dollars, each; the first note being payable on May 1, 1925, and one of the remaining notes, being payable on same day in each of the succeeding years, or prior to maturity in accordance with stipulation therein, with interest after maturity at the rate therein specified."

Said mortgage was filed for record with the Recorder of Greene County, Ohio, on the 14th day of June, 1924, and was duly recorded in Volume 91, page 165, of the Mortgage Records of Greene County, Ohio.

That plaintiff out of her own funds and her own money paid the six promissory notes set forth in plaintiff's 1st, 2nd, 3rd, 4th, 5th and 6th causes of action, together with said mortgage insofar as it secures said six notes, and that plaintiff became subrogated to all the rights of the said The Union Central Life Insurance Company in and to said notes and in and to said mortgage insofar as said mortgage secured the notes set forth herein in plaintiff's 1st, 2nd, 3rd, 4th, 5th and 6th causes of action.

The said notes matured and are wholly unpaid to this plaintiff and that there is due plaintiff on the notes set forth in the first cause of action the sum of $661.38, with interest at the rate of 8% per annum from the 1st day of May, 1929. (Then follows in the same form the allegation as to the amount due on the 2nd, 3rd, 4th, 5th and 6th causes of action).

The petition further alleges that the defendant Mary Harshman is the owner and holder of the balance of said series of notes secured by the aforesaid mortgage by assignment from The Union Central Life Insurance Company of Cincinnati, Ohio, together with said mortgage insofar as the same secured said notes so assigned to the defendant Mary Harshman, as evidenced by

an assignment of said mortgage executed on the 30th day of November. 1937, by The Union Central Life Insurance Company to the defendant Mary Harshman, which assignment was recorded in the office of the Recorder of Greene County, Ohio, on the 7th day of February. 1938. It is further alleged that the defendants Alethea L. Harshman, executrix of the last will and testament of John F. Harshman, deceased; John B. Harshman, John B. Harshman, as executor of the last will and testament of John F. Harshman, deceased; Myrtle H. Brill and Betty Jane Brill. a minor, claim to have some lien or interest in said premises and plaintiff asks that they be compelled to set the same up or be forever barred from asserting the same.

The petition contains the prayer that the amount due plaintiff on her 1st, 2nd, 3rd, 4th, 5th and 6th causes of action be ascertained; that in default of payment of the amount now payable or that may become payble before judgment herein, said mortgage may be foreclosed, and said premises sold, free of all claims of . defendants, and the proceeds applied to the payment of the debt due plaintiff, and for such other and further relief as is proper and for costs.

Exhibits A, B, C. D, E and F, being purported copies of the mortgage notes executed by John F. Harshman and Alethea Harshman, are attached to the petition.

The following defendants filed a general demurrer; John B. Harshman, Mary Harshman and John B. Harshman, as executor of the last will and testament of John F. Harshman, deceased. The remaining two defendants filed no pleading in the case at all.

The briefs of counsel take a very wide scope. Counsel for plaintiff appellant first discuss the topic of principal and surety and cite authorities to the effect that where the surety paid the obligation he can hold the principal upon an implied promise to pay. According to the petition, plaintiff sought to avail herself of this remedy in the Probate Court, but her proceed-

ing there was dismissed. The petition does not inform us as to the grounds for dismissal, but in the brief of counsel for defendants-appellees it is stated that it was on the ground that the claim was barred by the statute of limitations.

There can be no question as to the correctness of the principle argued, but it can have no application to the intant case for the reason that it is here sought to assert her claim through subrogation.

This remedy of subrogation is one recognized in equity, having for its basis the doing of complete and perfect justice between the parties without regard to form. 25 R. C. L. (Subrogation) Sec. 2.

The principle of subrogation is sometimes referred to as substitution.

To entitle one to subrogation, his equity must be strong and his case clear. 25 R. C. L. (Subrogation), Sec. 4.

It is generally held that the doctrine of subrogation requires that the person seeking its benefits must have paid the debt due to a third person before he can be substituted to that person's rights. The rights referred to, held by a third person are generally securities of some kind or character.

In the instant case it is unquestioned, and seems to be conceded, that had plaintiff paid the entire indebtedness secured by the mortgage, thereafter she would have through subrogation a right to keep the mortgage alive to the extent of reimbursing her for the amount lawfully paid out, on the notes in question.

The sole question revolves around the question as to whether or not where the debt is not paid in its entirety, plaintiff-appellant may have a decree for enforcement on her claimed right of suprogation for the part paid.

Under facts similar to the instant case the courts have universally held that subrogation may not be enforced until the debt is paid in full and thereby the third party has no further in-

terest in the security bound for the debt.

"The general rule is that a person is not entitled to be subrogated to creditor's securities until the claim of the creditor against the debtor and secured by the securities has been paid in full; the creditor in the meantime is left in the control of the debt and all the remedies for collection and pro tanto assignment or subrogation will not be allowed. The reason for the rule is that if the surety upon making a partial payment becomes entitled to subrogation pro tanto, he thereby becomes entitled to the position of assignee of the property to the extent of such payment, it would operate to place such surety upon a footing of equity with the holder of the unpaid part of the debt, and, in case the property was insufficient to pay the remainder of the debt for which the grantor was bound, the loss would logically fall proportionately upon the creditor and upon the surety. Such a result would be grossly inequitable. The liability of the surety for the remainder of the debt exists as well after as before a partial payment, and until the entire debt is paid the surety has no such equity as will entitle him to the active aid of a court of equity."

25 R. C. L. (Subrogation), Sec. 6.

We find this rule to be adopted by the Ohio courts. The first case to which our attention is called is a decision by the Superior Court of Cincinnati, in 1872, in the case of **Peoples Insurance Co. v Straehle, 2 Cincinnati Superior Court Reports, 186.** Syllabus 3 reads as follows:

"The right to subrogation in a proper case, can not be enforced until full payment of the liability which gives rise to such right. Upon mere part payment, there is no right of subrogation as to such part."

In the case of **Katz v Silberman, 33 O. L. R. 195,** the syllabus reads as follows:

"2. A petition seeking subrogation is not complete, and is subject to demurrer, in the absence of an allegation that all the indebtedness has been paid."

In the case of **Blair, Supt. of Banks v Board of Education, 38 Oh Ap 303,** decided by the Court of Appeals of the Second District, opinion by Judge Kunkle, concurred in by Judges Allread and Hornbeck, it was held that where a bond securing a deposit in a bank for a limited amount and where the bank failed and the deposit was in excess of the bond, the bonding company could not be subrogated pro tanto to the amount paid by it on the bond, nor could it have the amount paid by it deducted from the claim of the depositor and receive a pro rata share of the dividends on the amount so paid.

The next case to which we are referred is that of **Findlay v American Surety Company, 50 Oh Ap 429.** This case is similar to that of Blair, Supt. v Board of Education, supra, and arrives at the same conclusions.

Counsel for plaintiff refer us to the last paragraph of Sec. 6 in Ruling Case Law, (Subrogation), page 1319.

"The rule that a surety is not entitled to subrogation until he has paid the whole debt, does not apply when separate notes or installments are paid, and the right sought is against one who has assumed the debt, and not under an appointment of securities."

The note thereunder refers to the case of Nettleton v Ramsey County Land Co., 54 Minnesota, 395 (56 N. W. 128).

It is apparent that the rule here announced is different from the general rule and is based on the difference in facts. Under this rule as appears from its language, the right of subrogation is allowed because it was against one who assumed to pay the debt. An examination of the Nettleton case, decided by the Supreme Court of Minnesota, very readily explains the rea-

**638**

son for this exception to the general rule.

The case of **Joyce v Dauntz, 55 Oh St 538**, borders on being an exception to the general rule, but a reading of the opinion will disclose that the factual situation enabled the court to apply the principle of subrogation without in any way affecting the securities, if any, held by the third person.

So far as enforcing subrogation rights at this time, we have no difficulty in following the reasoning and judgment of the trial court.

The judgment of the trial court will be affirmed. Costs in this court will be adjudged against the appellant.

The cause is remanded.

GEIGER, PJ. & HORNBECK, J., concur.