LAURIC *v.* HOCKMAN ET AL.

[Cite as Lauric v. Hockman, 6 Ohio Misc. 223.]

No. 41426—Decided October 8, 1965.)

EQUITY: Lake County Common Pleas Court.

*Messrs. Greene & Tulley*, for plaintiff.
*Messrs. Warren & Young*, for defendant.

SIMMONS, J.   Defendant mortgagor failed to appear at the final hearing of this case and has filed no answer to the petition and the various cross-petitions.   The only issue to be decided is the claim of plaintifffff that she be subrogated to the mortgage security of defendant Peoples Savings & Loan Company to the extent of $2,000.   That issue was submitted on briefs and stipulations of fact.

In the year 1960 plaintiff sold the premises to defendants Hockman.   The sale was financed by defendant bank on the condition that plaintiff pledge a savings account of $2,000, being a portion of the proceeds of the loan.   A written assignment of this account was executed by the plaintiff and mortgage deeds to the bank and plaintiff executed by the Hockmans.   The latter deed contained a subordination clause making it expressly secondary to that of the bank.   Additionally, the bank's mortgage was filed first of record.

The Hockmans having defaulted and a withdrawal from the pledged account imminent, plaintiff filed these proceedings asking foreclosure and a sale of the premises and subrogation to the bank's security.   She points out that at the time of the sheriff's sale the bank will bid only its mortgage balance, reduced by application of the $2,000, and that plaintiff will then have a worthless lien.   This assumes, of course, no higher bids; an assumption which is verified by frequent experience with property of this class.

It is a general rule in Ohio as well as in a majority of other jurisdictions that subrogation to the rights and securities of a

creditor will not be permitted unless the entire claim of the creditor has been paid in full. 50 Ohio Jurisprudence 2d, Subrogation, Section 12, page 388; 50 American Jurisprudence, Subrogation, Section 28, page 701; *Harshman* v. *Harshman* (1941), 35 Ohio Law Abs 633; *City of Findlay* v. *American Surety Co.* (1935), 50 Ohio App. 429.

Until a debt is paid in full there may be no interference with the creditor's rights or securities that might, even by bare possibility, embarrass him in collecting the residue of the debt. *Erwin* v. *Brooke,* 126 SE 777 (Georgia).

The rule is subject to exceptions that there may be pro tanto subrogation where the creditor acquiesces or pursuant to the terms of an express agreement providing it. Neither exception is applicable here. In point of fact, not only is there no agreement providing for a share in the primary security present here, there is an agreement evidenced by plaintiff's mortgage deed by which the plaintiff accepted an inferior status.

The doctrine of subrogation is a creature of equity. It is applied to the end that burdens be placed and rights accorded to those to whom they properly belong. Should one who has previously agreed to a subordinate position in the security echelon be heard to complain when the value of her security is jeopardized? Plaintiff concedes that defendant bank could have made partial withdrawal from the account in time with the monthly defaults. But having conceded this she insists that the bank may not do so now without yielding up a part of its security to her. To be correct her theory must result in elevating her lien from a subordinate status to a primary one, fully as potent as that of the bank, by some operation of law that ignores both the stated rule as well as the understanding of these parties.

While denying plaintiff subrogation may result in loss to her, allowing it may result in a loss to the bank. And such a result, on these facts, equity will not abide.

Injunction refused and judgment for defendant bank.

*Judgment accordingly.*