MEMORANDUM DECISION AND JUDGMENT ENTRY
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the original papers from the Butler County Court of Common Pleas, and upon the briefs of counsel, oral argument having been waived. Now, therefore, the assignment of error having been fully considered, is passed upon in conformity with App.R. 12(A) as follows:
 On July 13, 1987, defendants, Donald E. and Carolyn McCallister (the "McCallisters"), executed a Personal Credit Line Agreement ("credit line") in favor of plaintiff-appellee, Huntington National Bank ("Huntington"). Under the terms of the agreement, Huntington agreed to extend credit to the McCallisters up to the sum of $20,000 on a revolving basis.
As security for payment of the credit line, the McCallisters executed an open-end second mortgage on their property at 5854 Greencrest Drive in Hamilton, Ohio (the "property"). This mortgage was recorded at the Butler County, Ohio Recorder's office on July 16, 1987.
On September 3, 1992, the McCallisters executed a promissory note in favor of defendant-appellant, Dollar Federal Savings Bank, nka Great Lakes Bancorp ("Dollar"), in the amount of $70,800. On the same date, the McCallisters also executed a mortgage in favor of Dollar to secure payment of the promissory note. This mortgage was recorded on September 4, 1992 in Butler County.
At the time the promissory note was issued, the McCallisters had three mortgage liens on their property: one in favor of Home Savings of America in the amount of $31,381.69; a second (to secure the credit line) in favor of Huntington in the amount of $6,503.60; and a third in favor of Bank One in the amount of $30,104.61. The proceeds from the promissory note were used to pay off these three mortgage liens.
Although paid off, the McCallisters' credit line with Huntington was not terminated.[1] To the contrary, following the receipt of the payoff amount on September 4, 1992, Huntington allowed the McCallisters to use the credit line for the next three years until they exhausted their credit limit of $20,000.
In August 1995, Huntington filed a foreclosure action against the McCallisters for failing to make the required payments under the credit line agreement. Huntington named Dollar as a defendant in the action since Dollar held a mortgage on the property. Dollar filed an answer, cross-claim, and counterclaim asserting that Huntington's mortgage was inferior to the mortgage held by Dollar.
The parties agreed that there were no genuine issues of material fact. Huntington moved for summary judgment and Dollar filed a motion for judgment on the pleadings. The Butler County Court of Common Pleas granted Huntington's motion and denied Dollar's motion. Dollar then filed this appeal and presents the following assignment of error for review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF HUNTINGTON ON THE ISSUE OF EQUITABLE SUBROGATION BECAUSE DOLLAR IS ENTITLED TO BE EQUITABLY SUBROGATED INTO THE FIRST AND BEST LIEN POSITION UNDER THE EXCEPTIONAL FACTS AND CIRCUMSTANCES OF THIS CASE.
Huntington recorded its mortgage on July 16, 1987. Dollar recorded its mortgage on September 4, 1992. Therefore, Huntington holds the first and senior lien on the property.
Dollar asserts, however, that Huntington knew Dollar paid off the credit line "expressly intend[ing] to discharge all liens on the McCallister property and to be secured as the first and best lienholder subject only to real estate taxes." Dollar also suggests that, knowing this, Huntington acted unfairly by not preventing the McCallisters from using the credit line. It is Dollar's position that under the doctrine of equitable subrogation, Dollar's mortgage should be deemed superior to that of Huntington. We disagree.
In its decision, the trial court explained equitable subrogation as follows:
 Equitable [s]ubrogation substitutes one person to whom a particular right does not legally belong in the place of the legal owner of that right. Federal Union Life Ins. Co. v. Deitsch (1934), 127 Ohio St. 505, 510. It arises where there is no agreement, express or implied, which contractually obligates the parties to subrogation. "Equitable subrogation is essentially a theory of unjust enrichment." Ridge Tool Co. v. Silva (1986), 33 Ohio App.3d 260, 261. * * * Ultimately, equitable subrogation is invoked where it is necessary to prevent injustice. American Insurance Co. v. Ohio Bureau of Worker's Comp. (1991), 62 Ohio App.3d 921.
In short, the purpose of equitable subrogation is to prevent fraud and to provide relief from mistakes. See State v. Jones (1980), 61 Ohio St.2d 99, 102. Moreover, to be entitled to equitable subrogation, a party's "equity must be strong and his case clear." Id., citing Harshman v. Harshman (App. 1941), 35 Ohio Law Abs. 633, 636.
Dollar's argument that it deserves to replace Huntington as first lienholder must fail for lack of any evidence of injustice by Huntington that warrants recompense. As the trial court points out, it was Dollar's responsibility — not Huntington's nor the McCallisters' — to ensure that the credit line was closed before Dollar loaned money to the McCallisters. Dollar admits as much in its brief to this court, stating that: "Unfortunately, Dollar's closing agent failed to follow-up to make certain that the McCallisters had sent to Huntington a written request to terminate the line of credit and that Huntington had actually closed the line of credit and released its mortgage." Dollar's decision to rely on the incorrect and uninformed assumption that Huntington had terminated the credit line does not entitle Dollar to advance to first lien position ahead of Huntington where Dollar could have protected its own interests; i.e., Dollar needed only to make their loan to the McCallisters contigent on the termination of the credit line.
Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Civ.R. 56(C). Construing the evidence most strongly in favor of the nonmoving party, if it appears that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party, then summary judgment may be granted. Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64, 66. Having thoroughly reviewed the record in this case, we agree with the trial court's conclusion that, there being no genuine issue of material fact, Huntington is entitled to summary judgment as a matter of law.
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.
Costs to be taxed in compliance with App.R. 24.
To all of which appellant, by its counsel, excepts.
POWELL, P.J., KOEHLER and WALSH, JJ., concur.
[1] Under the terms of the agreement with Huntington, the McCallisters' credit line could not be terminated unless the McCallisters cancelled the account. It is a stipulated fact that no party ever instructed Huntington to terminate the credit line.