[Cite as *HSBC Bank USA, N.A. v. Ward*, 2017-Ohio-7315.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104104**

**HSBC BANK USA, N.A. AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE6, ASSET BACKED PASS-THROUGH CERTIFICATES**

PLAINTIFF-APPELLANT

vs.

**ANTHONY WARD, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-778444

**BEFORE:**   Kilbane, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   August 24, 2017

**ATTORNEYS FOR APPELLANT**

Charles A. Nemer
Robert R. Kracht
McCarthy Lebit Crystal & Liffman Co.
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115

Chrissy M. Dunn Dutton
Blank Rome L.L.P.
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202


**ATTORNEYS FOR APPELLEES**

**For HSBC Bank USA, N.A. as Trustee for the Holders
of the Ellington Loan Acquisition Trust 2007-2 Mortgage
Pass-Through Certificates Series 2007-2**

Bradley P. Toman
Carlisle, McNellie, Rini, Kramer,
& Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, Ohio 44122

John B. Kopf
Todd Seaman
Thompson Hine, L.L.P.
41 South High Street, Suite 1700
Columbus, Ohio 43215

**For Cuyahoga County Treasurer**

Michael C. O'Malley
Cuyahoga County Prosecutor
Gregory B. Rowinski
Judith Miles
Assistant County Prosecutors
310 West Lakeside Avenue, Suite 300
Cleveland, Ohio 44113


**Also Listed:**

Cynthia Turner
213 Ascot Parade, Suite 309
Alamogordo, NM 88310

MARY EILEEN KILBANE, P.J.:

{¶1} Plaintiff-appellant, HSBC Bank USA, N.A., as trustee on behalf of Ace Securities Corp. Home Equity Loan Trust, Series 2005-HE6, Asset Backed Pass-Through Certificates (the "Ace Trust"), appeals the trial court's adoption of the magistrate's decision granting summary judgment in favor of defendant-appellee HSBC Bank USA, N.A., as trustee for the holders of the Ellington Loan Acquisition Trust 2007-2 Mortgage Pass-Through Certificates Series 2007-2 (the "Ellington Trust"). This appeal involves a priority dispute between these two lienholders. The Ace Trust and the Ellington Trust were both granted residential mortgages on real property located at 33800 Harrow Court, Solon, Ohio ("the property"). Each claims a superior lien on the property. For the reasons set forth below, we affirm.

## The NovaStar Mortgage

{¶2} In June 2005, defendants Anthony Ward ("Ward") and Pamela Thomas-Ward (collectively referred to as "the Wards") entered into a real estate purchase agreement as purchasers of the property from defendant Cynthia Turner ("Turner"). In order to finance the $324,000 purchase price, the Wards obtained a residential mortgage loan from NovaStar Mortgage, Inc. ("NovaStar") in the amount of $259,200. The balance of the purchase price was paid to Turner by way of a promissory note (the "Turner note") in the amount of $64,800. As security for repayment of the Turner note, the Wards executed a

security agreement granting Turner a security interest in the property. Turner granted title to the property to the Wards by a warranty deed (the "warranty deed"). Turner never recorded her security agreement with the Cuyahoga County Recorder's Office.

{¶3} The NovaStar mortgage and the warranty deed were also never recorded. Unisource Information Services, L.L.C. ("Unisource"), is a title company that acted as closing agent for the sale of the property from Turner to the Wards and the NovaStar loan transaction. NovaStar provided closing instructions to Unisource that required Unisource to "follow these instructions exactly" and "record [the lien] in [first] position on or prior to the disbursement date [of June 29, 2015]" and "return certified copies of those documents that are to be recorded." The closing instructions provided that "[f]ailure to comply with these instructions may delay funding." Unisource failed to record the NovaStar mortgage and the warranty deed. NovaStar received signed and notarized closing documents from Unisource, but they were not certified. Nonetheless, NovaStar funded the loan and authorized Unisource to disburse the loan proceeds to satisfy Turner's mortgage debts and real estate taxes as evidenced by the fully executed HUD-1 Settlement Statement ("HUD-1").

{¶4} The NovaStar loan closed on June 29, 2005. Less than one month later, on July 25, 2005, the Wards executed a quitclaim deed (the "quitclaim deed") conveying title in the property back to Turner. The quitclaim deed was recorded on August 29, 2005. The NovaStar note and mortgage were ultimately negotiated and assigned to the Ace

Trust in August 2008.[1]

### The Fremont Mortgage

{¶5} In December 2006, Turner obtained a loan from and granted a mortgage to Fremont Investment and Loan ("Fremont") in the amount of $283,000. The Fremont mortgage was recorded on January 12, 2007. In the loan application documents Turner submitted to Fremont, she identified the only mortgage on the property at that time as the "Anthony Ward - private mortgage." When a Fremont representative contacted Ward to verify this mortgage, he disclosed the date the mortgage originated — June 29, 2005, the 7.3 percent interest rate, the original mortgage amount of $259,200, the then-current mortgage balance of $227,214, and the monthly principal and interest payment of $1,777. Although this information is identical to the terms of the NovaStar mortgage, Ward failed to clarify that these terms pertained to the NovaStar mortgage and not to a "private mortgage" between him and Turner. Notably, he signed the request for loan verification as Turner's "creditor."

{¶6} The Fremont note and mortgage were assigned to the Ellington Trust in November 2009.

---

[1] Specifically, Mortgage Electronic Registration Systems, Inc., as nominee for NovaStar, assigned all of its rights and interests in the NovaStar Mortgage and transferred the NovaStar Note to the Ace Trust by assignment.

### The Foreclosure Action

{¶7} As a result of the Wards' nonpayment of the NovaStar loan, the Ace Trust initiated a foreclosure proceeding in the instant matter. The Wards and Unisource were found to be in default and the matter proceeded to summary judgment. The magistrate granted summary judgment against Turner in favor of the Ace Trust. The magistrate also granted the Ellington Trust's motion for summary judgment on the Ace Trust's amended complaint, finding that the Fremont mortgage is valid and the first lien upon the property, subject only to the lien of the Cuyahoga County Treasurer for taxes and the mortgage. The Ace Trust had opposed this motion and later filed its objections to the magistrate's decision with the trial court. The trial court adopted the magistrate's decision with findings of fact and conclusions of law in its entirety and issued a foreclosure decree.

{¶8} It is from this order that the Ace Trust appeals, presenting the following four assignments of error for review:

### Assignment of Error One

The trial court erred and abused its discretion in adopting the magistrate's decision of January 16, 2016, where the Magistrate applied the wrong legal standard and relied on clearly erroneous findings of fact.

### Assignment of Error Two

The trial court erred and abused its discretion when it adopted the magistrate's decision which failed to comply with [R.C. 5301.25(A)] where there existed substantial evidence that Fremont had actual or constructive knowledge of the preexisting NovaStar mortgage.

### Assignment of Error Three

The trial court erred and abused its discretion when it adopted the

magistrate's decision which improperly denied appellant's claim for equitable relief under the doctrine of equitable subrogation by imputing the negligence of Unisource based on an incorrect finding or assumption that Unisource was the agent of NovaStar.

## Assignment of Error Four

The trial court erred and abused its discretion when it adopted the magistrate's decision which improperly granted [the Ellington Trust's] motion for summary judgment where genuine issues of material fact were in dispute and [the Ellington Trust] was not entitled to judgment as a matter of law.

## Motion for Summary Judgment

{¶9} For ease of analysis, we will consider these four assignments of error together. The Ace Trust argues that the trial court erred in adopting the magistrate's decision granting summary judgment to the Ellington Trust. It contends that the magistrate misapplied the law, made incorrect factual assumptions, and ignored genuine issues of material fact that should have precluded summary judgment in favor of the Ellington Trust. We disagree.

{¶10} We review an appeal from a grant of summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St. 367, 369-370, 696 N.E.2d 201 (1998).

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that

there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

**{¶11}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(D); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

### Statutory Priority

**{¶12}** It is undisputed that the NovaStar mortgage was never recorded and the Fremont mortgage was recorded in January 2007. R.C. 5301.23(A) governs the priority of mortgages, providing in relevant part:

> All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and *shall take effect at the time they are delivered to the recorder for record.* If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference.

(Emphasis added.)

**{¶13}** The Ace Trust argues that the trial court erred in finding that the Fremont mortgage was the best and first lien against the property over the unrecorded NovaStar mortgage under R.C. 5301.23(A). It contends that R.C. 5301.25(A) should be applied here as an exception to the general rule of R.C. 5301.23(A). R.C. 5301.25(A) states:

All deeds, land contracts referred to in division (A)(21) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, *other than as provided in division (C) of this section and section 5301.23 of the Revised Code*, shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.

(Emphasis added.)

{¶14} The Ace Trust argues that the magistrate "incorrectly emphasized the application of [R.C.] 5301.23 over 5301.25 and merely glossed over whether Fremont, the Ellington Trust's predecessor, had actual constructive knowledge or notice of the NovaStar mortgage."

{¶15} R.C. 5301.25, however, is not relevant to a determination of lien priority under these facts and any notice or knowledge on the part of Fremont of the *unrecorded* NovaStar mortgage, is immaterial because "[u]nder Ohio law, a mortgage becomes operative as to third parties only upon its recording." *GMAC Mtge. Corp. v. McElroy*, 5th Dist. Stark No. 2004-CA-00380, 2005-Ohio-2837, ¶ 13, citing *Sidle v. Maxwell*, 4 Ohio St. 236 (1854). *See also* R.C. 5301.23 ("All properly executed mortgages * * * shall take effect at the time they are delivered to the recorder for record.").

{¶16} "In Ohio, equitable mortgage liens * * * are limited in application to the parties involved in the transaction when a recording statute otherwise mandates that the mortgage be recorded before it takes effect." *Stubbins v. Wells Fargo Bank, N.A. (In re Gibson)*, 395 B.R. 49, 57 (Bankr.S.D.Ohio 2008). The unrecorded NovaStar mortgage is

therefore only operative between the parties to the mortgage, the Ace Trust, as assignee of NovaStar, and the Wards.

{¶17} The Ace Trust correctly asserts that Ohio courts, including this court, have held that R.C. 5301.25 applies to mortgages, but confuses the statutory language and relevant case law in asking us to apply R.C. 5301.25 to the facts of the instant case. In support of the proposition that these statutes should be "construed in tandem, not separately," the Ace Trust cites to *Rhiel v. Huntington Natl. Bank (In re Phalen)*, 445 B.R. 830 (Bankr.S.D.Ohio 2011). In *Rhiel*, the United States Bankruptcy Court for the Southern District of Ohio explained the relationship of R.C. 5301.23 and 5301.25(A) as applied to mortgages:

> Rather than reading [R.C.] 5301.23 as excluding mortgages from [R.C.] 5301.25(A), the language in the text stating "other than as provided in * * * [R.C.] 5301.23 of the Revised Code" provides a rule for determining the priority of properly executed mortgages against one another (with the first-recorded properly executed mortgage having priority), whereas [R.C.] 5301.25(A) applies in the context of a priority dispute between the holder of a mortgage and a *subsequent* bona fide purchaser.

(Emphasis added.) *Id*. at 862-863.

{¶18} In support of its argument that R.C. 5301.25 applies here, the Ace Trust attempts to rely on our holding in *Acacia on the Green Condo. Assn. v. Jefferson*, 2016-Ohio-386, 47 N.E.3d 207 (8th Dist.). In *Jefferson*, we applied R.C. 5301.25 to a mortgage lien priority dispute in finding that a subsequent mortgagee had actual notice of a prior lien created by a properly filed and executed mortgage that lacked a land description. *Id*. at ¶ 26. *Jefferson* is distinguishable from the instant case because both

mortgages involved in the priority dispute in *Jefferson* had been recorded. *Id.* at ¶ 15. R.C. 5301.25 cannot apply here because, as we discuss above, an unrecorded mortgage is ineffectual as to third parties under Ohio law. *See Holliday v. Franklin Bank of Columbus*, 16 Ohio 533 (1847); *Stubbins*; *McElroy,* 5th Dist. Stark No. 2004-CA-00380, 2005-Ohio-2837.

{¶19} Accordingly, R.C. 5301.25 is not applicable to the instant case, and the magistrate properly held that the "first in time" Fremont mortgage has priority over the unrecorded NovaStar mortgage.

Equitable Subrogation

{¶20} The Ace Trust further argues that the magistrate erred in denying its claim of equitable subrogation by imputing the negligence of Unisource, the closing agent, to NovaStar "despite the absence of any evidence demonstrating that Unisource was NovaStar's agent." The doctrine of equitable subrogation cannot apply here because the unrecorded NovaStar mortgage is ineffectual as to third parties in both law and equity. *Holliday* at 536-37. "Unrecorded instruments are good and effectual between the parties[,] but entirely nugatory as to third parties, both at law and in *equity*, until they are recorded." (Emphasis sic.) *Stubbins* at 58, citing *Fosdick v. Barr,* 3 Ohio St. 471, 475 (1854).

{¶21} The Ohio Supreme Court addressed the doctrine of equitable subrogation in *State v. Jones*, 61 Ohio St.2d 99, 399 N.E.2d 1215 (1980), noting that:

"[E]quity in the granting of relief by subrogation is largely concerned with * * * the prevention of frauds and relief against mistakes, and it is correctly stated that the right to

it depends upon the facts and circumstances of each particular case."

*Id*. at 102, quoting *Canton Morris Plan Bank v. Most*, 44 Ohio App. 180, 184 N.E. 765 (5th Dist.1932). The *Jones* court further explained that "[i]n order to entitle one to subrogation, *his equity must be strong and his case clear."* (Emphasis added.) *Id*., citing *Harshman v. Harshman*, 35 Ohio Law Abs. 633, 42 N.E.2d 447 (2d Dist.1941).

{¶22} Equitable subrogation will not be used to benefit parties who were negligent in their business transactions and who were obviously in the best position to protect their own interests. *Keybank Natl. Assn. v. Adams*, 10th Dist. Franklin No. 02AP-1293, 2003-Ohio-6651, ¶ 20.

{¶23} NovaStar was in the best position to protect its own interest. The general closing instructions that NovaStar issued to Unisource provided that Unisource was to "return certified copies of those documents that are to be recorded [to NovaStar]. Failure to comply with these instructions may delay funding." The record reflects that NovaStar authorized Unisource to distribute the loan proceeds when it was fully aware that the warranty deed and its mortgage had not yet been recorded — NovaStar had not received certified copies of these documents prior to the disbursement date. As time passed, NovaStar failed to take any action when it still had not received recorded copies of the warranty deed and its mortgage despite knowing to expect recorded copies.

{¶24} Moreover, the Ace Trust asserted valid legal claims and obtained a default judgment against Unisource, negating its need for equitable subrogation. *See ABN AMRO Mtge. Group, Inc. v. Kangah*, 126 Ohio St.3d 425, 2010-Ohio-3779, 934 N.E.2d

924, ¶ 14 ("If the title insurance company was negligent, [the lender] may have a claim against it for its loss, negating its need for equitable subrogation.").

**{¶25}** As a matter of law, the unrecorded NovaStar mortgage is not effectual as to the Ellington Trust. We therefore find that the Ace Trust's claim for equitable subrogation fails as a matter of law.

**{¶26}** Based on the foregoing, we find that no genuine issue of material fact exists and the Fremont mortgage is the first and best lien on the property. Therefore, the trial court did not err in adopting the magistrate's decision granting summary judgment in favor of the Ellington Trust as assignee of Fremont.

**{¶27}** Accordingly, we overrule all four assignments of error.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE
SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR