[Cite as *Wilmington Savs. Fund Soc. v. Woods*, 2020-Ohio-4599.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB AS TRUST | : | |
| | : | |
| | : | Appellate Case No. 28730 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2019-CV-2591 |
| v. | : | |
| | : | (Civil Appeal from |
| KATHLEEN ANN WOODS, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2020.

. . . . . . . . . . .

PHILLIP BARRAGATE, Atty. Reg. No. 0063017, 4805 Montgomery Road, Suite 320, Norwood, Ohio 45212
        Attorney for Plaintiff-Appellant

CYNTHIA P. MCNAMEE, Atty. Reg. No. 0056217 and ALEXANDER W. CLOONAN, Atty. Reg. No. 0095690, 2625 Commons Boulevard, Beavercreek, Ohio 45431
        Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Plaintiff-appellant, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, appeals from the trial court's judgment of February 7, 2020, in which the court entered summary judgment in favor of Defendants-appellees, Floyd Oliver Woods, Jr.; Diane Marie Woods; Charles May; Rebecca J. Woods; and Dennis Gifford.[1]   Appellant argues that the trial court erred by holding that an equitable mortgage is not enforceable against the heirs of a deceased mortgagor.

**{¶ 2}** On review, we find Appellant's argument to be well taken.   The trial court's judgment of February 7, 2020, is accordingly reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

**{¶ 3}** Appellant initiated an action in rem on June 5, 2019, seeking to foreclose on residential real property in Riverside that formerly was owned by the late Joanna B. Woods.[2]   Complaint ¶ 1-6 and Ex. A; Appellees' Brief 5.   In its complaint, Appellant alleged that Ms. Woods executed a note in the amount of $102,697.31 on or about February 3, 2000, along with a mortgage to secure repayment of the note.   Complaint ¶ 6 and 20-22.   The mortgage was never recorded, allegedly "as a result of an error made at the closing of the loan," and although a copy of the note was attached to the complaint, Appellant averred that it was "not able to locate" a copy of the mortgage "despite diligent efforts."   *Id.* at ¶ 22-23.   Appellant therefore claimed that it had an

---

[1] Appellees indicate that Kathleen Ann Woods died on February 10, 2019.   Appellees' Brief 4.

[2] Joanna B. Woods died on January 22, 2014.   Appellees' Brief 4; *see* Appellant's Brief 3.

equitable mortgage. *Id.* at ¶ 24.

{¶ 4} On December 2, 2019, Appellees filed a motion for summary judgment, arguing in relevant part that they were entitled to judgment on the complaint because an equitable mortgage is enforceable only against the mortgagor and the mortgagee, to the exclusion of third parties. *See* Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment 3, Jan. 23, 2020. The trial court concurred with Appellees' argument and, on that basis, entered judgment in their favor on February 7, 2020. Appellant timely filed its notice of appeal on March 2, 2020.

## II. Analysis

{¶ 5} Appellant nominally presents two assignments of error, but because the two assignments relate to a single question of law, we address them together. For its first assignment of error, Appellant contends that:

> THE TRIAL COURT IMPROPERLY GRANTED THE MOTION FOR SUMMARY JUDGMENT FILED BY [THE LATE] KATHLEEN ANN WOODS, ET AL.

And for its second assignment of error, Appellant contends that:

> THE TRIAL COURT IMPROPERLY HELD AN EQUITABLE MORTGAGE IS NOT ENFORCEABLE AGAINST A DECEASED MORTGAGOR'S HEIRS.

{¶ 6} Appellant argues that Appellees, being the heirs of Joanna B. Woods, are not third parties with respect to the mortgage that Ms. Woods allegedly executed. Appellant's Brief 8-11. As a result, Appellant maintains that Appellees were not entitled to judgment as a matter of law. *See id.*

{¶ 7} Under Civ.R. 56, summary judgment is proper only where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 8} Initially, the movant bears the burden of establishing the absence of any genuine dispute of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type[s] listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

**{¶ 9}** The narrow question presented by this appeal is whether an equitable mortgage may be enforced against the heirs of a deceased mortgagor. An "equitable lien may arise from either (1) a written agreement that evidences the intent to make a particular property a security for a debt or obligation, or (2) through implication by a court of equity after consideration of right and justice as applied to the relationships of the parties and the surrounding circumstances." (Citations omitted.) *CitiMortgage, Inc. v. Brown*, 2015-Ohio-5347, 45 N.E.3d 258, ¶ 30 (1st Dist.). Thus, a "defectively executed" or unrecorded "conveyance of an interest in land is valid as between the parties in the absence of fraud." *Citizens Nat. Bank in Zanesville v. Denison*, 165 Ohio St. 89, 95, 133 N.E.2d 329 (1956); *HSBC Bank USA, N.A. v. Ward*, 2017-Ohio-7315, 96 N.E.3d 984, ¶ 16 (8th Dist.). Because a mortgage becomes effective against third parties only when it has been recorded, an unrecorded but properly executed mortgage is " 'limited in application to the parties involved in the transaction.' " R.C. 5301.25; *Ward* at ¶ 16, quoting *In re Gibson*, 395 B.R. 49, 57 (Bankr.S.D.Ohio 2008).

**{¶ 10}** Here, the trial court held that Appellant's claim to "an equitable mortgage interest must fail because such interest is [enforceable only against] the parties" to the underlying conveyance. Decision, Order, and Entry Sustaining Defendants' Motion for Summary Judgment 5, Feb. 7, 2020. Although Appellees were not parties to the mortgage allegedly executed by Joanna Woods, the heirs to an estate "only stand in [the decedent's] shoes" and do not inherit "a greater interest in the estate['s] property than [the interest that] the decedent possessed during her lifetime." *Gill v. Pinney's Admr.*, 12 Ohio St. 38, 46, 1861 WL 3 (1861); *Wead v. Lutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, 831 N.E.2d 482, ¶ 26 (12th Dist.). Consequently, assuming strictly for sake of analysis

that Ms. Woods did execute a mortgage on her real property in Riverside, Appellees' interest in the property would have been subject to the same encumbrance, irrespective of the fact that the alleged mortgage was not recorded.

{¶ 11} Appellees argue to the contrary that "even if Appellant held an equitable mortgage [that was enforceable] against Ms. Woods, [the] mortgage [was never recorded and] would not be effective against [them] as heirs of [her] estate." *See* Appellees' Brief 11-12. The "recording of a mortgage," however, "is no part of its execution, and [recordation] is, therefore, not necessary to give [a mortgage] validity as against the mortgagor, <u>or as against [the mortgagor's] heirs or devisees</u>." (Emphasis added.) *Gill* at 47.

{¶ 12} Appellees also argue that Appellant has failed to prove that Ms. Woods did, in fact, execute a mortgage, and that Appellant cannot, as a result, "identify any of the terms which would have been included in the mortgage." Appellees' Brief 10. Absent "a copy of the mortgage," Appellees insist that "it is impossible for Appellant to enforce anything." *Id.* This argument lacks merit because the trial court did not make any findings of fact regarding the execution of the alleged mortgage or its terms, but instead, held essentially that Appellant had failed to state a claim upon which relief could be granted because Appellees were third parties with respect to the mortgage, if it existed. *See* Decision, Order, and Entry Sustaining Defendants' Motion for Summary Judgment 4-5.

{¶ 13} Whether Appellant can prove that Ms. Woods executed a mortgage, or establish its material terms, without producing a copy of the document itself is an open question. We hold only that the trial court erred by determining, as a matter of law, that

Appellant could not enforce an equitable mortgage against Appellees.

{¶ 14} Additionally, Appellant and Appellees offer arguments regarding Appellant's failure to present a claim against Ms. Woods's estate, and Appellees' invocation of the doctrine of laches as a defense to Appellant's complaint.[3]  Appellant's Brief 11-14; Appellees' Brief 12-15.   These issues, however, are not properly before us because they are beyond the scope of the judgment on appeal.   Appellant's assignments of error are sustained.

### III. Conclusion

{¶ 15} The trial court erred by ruling that Appellant could not, as a matter of law, enforce an equitable mortgage against Appellees' interest in real property in Riverside formerly owned by the late Joanna B. Woods.   Therefore, the trial court's judgment of February 7, 2020, is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

---

[3] According to Appellees' recitation of the facts, Joanna Woods's "probate estate was opened * * * on or around May 8, 2014," and the probate court transferred her real property to them in a certificate of transfer issued on December 29, 2014.   Appellees' Brief 6.   The probate court's docket indicates that the estate, Case No. 2014 EST 00830, was closed on July 7, 2015.

Copies sent to:

Phillip Barragate
Cynthia P. McNamee
Alexander W. Cloonan
Ohio Department of Medicaid
Ohio Department of Taxation
United States of America
Kathleen Ann Woods
Hon. Dennis J. Adkins