## MARRS, Estate of, In re.
### PENNSYLVANIA GREYHOUND LINES, INC.,
Plaintiff-Appellant, v. MARRS, Admr., Defendant-Appellee.

Ohio Appeals, Second District, Shelby County.

No. 161.   Decided November 2, 1951.

Matthews & Altick, Dayton, for plaintiff-appellant.
Blake & Lewis, Sidney, for defendant-appellee.

### OPINION
By HORNBECK, PJ:

Appellant instituted its action in the Probate Court seeking authority to present a claim to appellee administrator which was denied. Upon appeal and a hearing de novo the Common Pleas Court entered the same judgment. Upon this latter judgment the appeal is presented to this Court upon questions of law.

Two errors are assigned. That the judgment is contrary to law and against the manifest weight of the evidence.

The petition was grounded upon §10509-134 GC and particularly upon the averment that

"Petitioner did not present said claim to the administrator * * * within the time prescribed by §10509-112 GC for the reason that claimant did not have actual notice of the appointment of administrator in sufficient time to present said claim within the period prescribed by law."

The judgment entry found that

"Appellant had actual notice of the death of Paul Marrs" the administrator's decedent and

"had not proved by a preponderance of the evidence that it had no notice of the appointment of the administrator of the estate of Paul Marrs, deceased, in the four months period after said appointment."

The judgment entry conforms to the written opinion of ■ the trial judge wherein it appears that he applied to the facts developed the law as announced by this Court in the 3rd syllabus of **In re Estate of Erbaugh: Van Horn, et al v. Erbaugh, Admx., 73 Oh Ap 533,** which we approve and follow. This, then unless there is no factual support for the judgment, disposes of the first assignment of error and we consider the second assignment.

Was the judgment contrary to the weight of the evidence?

The facts essential to an appreciation of our question are found in the deposition of Frank F. Ernst, General Claim Agent, for the appellant whose offices are located in Cleveland, Ohio. Mr. Ernst was charged with the responsibility of handling claims on behalf of or against his company. He was widely experienced and although not an attorney at law, had studied law for five years. On May 3, 1950, near Ashland, Ohio, a tractor trailer driven by Paul Marrs came into collision with a bus driven by an employee of the appellant company resulting in the death of both drivers. Within a matter of hours, Mr. Ernst learned of the collision and of the death of a person by the name of Paul Marrs and thereafter in a short time confirmed the identity of Marrs. Mr. Ernst took up actively the investigation of the accident and sent men into the field to investigate the cause of, and responsibility for, the collision. On May 9, 1950, L. E. Marrs was appointed administrator of the estate of Paul Marrs, deceased. Damages to the bus of appellant company exceeded $22,000.00. Mr. Ernst learned that Paul Marrs was the owner of the truck trailer outfit which he was driving when he was killed and that it was insured by two companies. Negotiations were early instituted with the companies attempting to require them to pay to the appellant the damages which it had suffered.

On November 7, 1950, a summons was recived by Mr. Ernst in an action instituted in Shelby County by appellee administrator against the appellant for damages growing out of the collision in which decedent was killed. Mr. Ernst testified that he had no knowledge of the appointment of the administrator of the estate of Paul Marrs, deceased, until he

received the summons on November 7, 1950. He also testified that with his information respecting the identity of Paul Marrs, he learned that he was a resident of Shelby County. Upon the facts thus developed, the trial judge held that the appellant did not prove that it did not have actual notice of the appointment of appellee administrator within four months after the appointment.

The judgment must be tested by the meaning of the language "actual notice" as employed in §10509-134 GC, the applicable part of which reads

"If upon hearing the Court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law, * * * then the Court may authorize the claimant to present his claim to the executor or administrator after the expiration of such period."

There is no controversy as to the first clause quoted. It is conceded that appellant had knowledge of the death of Paul Marrs within the four month period succeeding the appointment of his administrator. Did he have actual notice of the appointment of administrator within that period?

The expression "actual notice" has been differently construed by our Courts. We find no authority defining the term in any legislation like unto §10509-134 GC. We, therefore, must construe the expression in the light of the general purpose of the Probate Court to expedite the settlement of estates and apply such definitions as most nearly accomplish that purpose.

If "actual notice" is synonymous with express notice, or knowledge specifically brought home to the appellant then the appellant has maintained the averment of its petition. The Trial judge did not so limit it and we are in accord with that conclusion.

The definition of "actual notice" as found in two standard texts, namely: Corpus Juris Secundum and American Jurisprudence conforms to our concept of the meaning of the term as it must be given application here.

66 C. J. S. 637:

"Notice is regarded in law as actual when the person sought to be affected by it knows of the existence of the particular fact in question, or is conscious of having the means of knowing it."

39 Am. Jur. 234:

"The words 'actual notice' do not always mean what in metaphysical strictness they import; they more often mean knowledge of facts and circumstances sufficiently pertinent

in character to enable reasonably cautious and prudent persons to investigate and ascertain as to ultimate facts." Citing Cooper v. Flesner, (Okla.) 103 Pac. 1016, 23 L. R. A. (N. S.) 1180.

39 Am. Jur. 235:

"Actual notice has sometimes been said to be of two kinds, viz.: (1) express, which includes what might be called direct information, and (2) implied which is said to include notice inferred from the fact that the person had means of knowledge which he did not use." Citing numerous cases.

In Coleman v. Arnstrong, 261 Pac. 228, the principle is elucidated

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have notice of the fact itself."

Upon the facts appearing in this record, the trial judge was well within his province in holding that the appellant company had actual notice that is, implied actual notice, of the appointment of the administrator of Paul Marrs, deceased, within the four month period succeeding the appointment and, therefore, properly denied the prayer of the petition.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.