OPINION
{¶ 1} Appellant Milton Dave appeals his conviction, in the Stark County Court of Common Pleas, for one count of violating the periodic verification of current address requirement for sex offenders. The following facts give rise to this appeal.
 {¶ 2} This matter is before the court upon a fourth appeal. Since we are familiar with the facts of this case, we will only discuss those facts that are pertinent to the issues raised on appeal. The trial court initially classified appellant as a sexual predator following his original convictions in 1996. However, the convictions were overturned by this court in 1998. Because the initial convictions were vacated, the basis for the initial classification was eliminated.
 {¶ 3} Rather than standing trial again, appellant entered into a negotiated plea agreement. On July 1, 1998, the trial court accepted appellant's Alford plea and sentenced him to time already served. The trial court took the matter of appellant's sex offender status under advisement. On July 10, 1998, the trial court filed a judgment entry finding appellant to be a sexual predator and therefore, subject to the requirements of R.C.2950.06.
 {¶ 4} Subsequently, appellant filed two appeals attempting to overturn the trial court's classification. Both appeals were unsuccessful on procedural grounds. Between 1998 and 1999, appellant continued to register with the Stark County Sheriff's Department as a sexual predator. On the last date that appellant registered, Deputy Rodgers informed appellant that his next appointment was scheduled for August 18, 1999. Appellant failed to appear for this appointment.
 {¶ 5} Between October 1999 and May 2000, the sheriff's department attempted to contact appellant, by telephone, certified mail and visits to his last known address. On June 7, 2000, the Stark County Grand Jury indicted appellant for violating the statutory requirement to verify his current address. In July 2003, appellant was arrested in Maryland and transported to Stark County. This matter proceeded to trial on September 8, 2003. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an eleven-month prison term.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. There was insufficient evidence to support defendant-appellant's conviction for failure to provide periodic verification of current address in violation of 2950.06, and that conviction was against the manifest weight of the evidence.
 I {¶ 8} Appellant maintains his conviction for failing to provide periodic verification of his current address, in violation of R.C. 2950.06, is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 9} At the time appellant entered his Alford plea, R.C.2950.06(F) provided as follows:
 {¶ 10} "No person who is required to verify a current residence address pursuant to divisions (A) to (C) of this section shall fail to verify a current residence address in accordance with those divisions by the date required for the verification as set forth in division (B) of this section, provided that no person shall be prosecuted for a violation of this division prior to the expiration of the period of time specified in division (G) of this section."
 {¶ 11} In support of his sole assignment of error, appellant argues that following his change of plea hearing on July 1, 1998, he was never notified of his reclassification as a sexual predator. Thus, appellant claims he did not know he had a duty to register and periodically verify his current address.
 {¶ 12} At trial, appellant testified that after he entered his Alford plea, he awaited notice, from the trial court, as to whether he had to continue to register as a sexual predator with the Stark County Sheriff's Department. Tr. Sept. 8, 2003, at 130. Appellant further testified that he was never informed by the Stark County Sheriff's Department, the Clerk of Courts or his own trial counsel that he had been reclassified as a sexual predator on July 10, 1998. Id. at 130-132, 134, 146-147. Thus, appellant concludes that his conviction for failing to provide periodic verification of his current address is against the manifest weight and sufficiency of the evidence because he did not know that he had a duty to report.
 {¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 14} We have reviewed the record in this matter and conclude the evidence supports appellant's conviction. Appellant knew of his obligation to report to the sheriff and verify his current address which is evidenced by the fact that he reported, as required by statute, from the time he was released from prison in February 1998 until August 1999. Appellant apparently fled the state in August 1999 because of a warrant for his arrest on an unrelated matter. Clearly, appellant knew of his obligation to report and verify his current address even after he entered his Alford plea on July 1, 1998.
 {¶ 15} The record also indicates appellant knew of his sexual predator status and duty to report, after July 1998, because he prosecuted two appeals in which he sought to have his sexual predator classification reversed. See State v. Dave (Jan. 25, 1999), Stark App. No. 1997CA00198; State v. Dave (Sept. 27, 1999), Stark App. No. 1999CA00032. This evidence is sufficient to support appellant's conviction.
 {¶ 16} We also do not find the jury lost its way in assessing and weighing the evidence. Appellant's testimony was not credible. At trial, appellant claimed he registered with the Stark County Sheriff's Department out of caution and not because he had a statutory obligation to do so. Tr. Sept. 8, 2003, at 131. Appellant also claimed he had no knowledge of the two appeals, filed on his behalf, after he entered his Alford plea on July 1, 1998, to have his sexual predator classification reversed. Id. at 137, 139-140.
 {¶ 17} Appellant further claimed the trial court made no ruling on his sex offender status, at the change of plea hearing on July 1, 1998, but took the matter under advisement. Id. at 130. However, the record indicates that on July 10, 1998, the trial court filed a judgment entry classifying appellant a sexual predator. Appellant also testified that he did not flee the state, but sold his house on land contract. Id. at 133. Appellant never identified the buyer of the property nor did he produce the land contract.
 {¶ 18} Appellant claimed he had his son take care of the property after he left town. Id. at 141. However, Sergeant Perdue testified that the property was unoccupied and uncared for from October 1999 to May 2000. Id. at 107. Finally, appellant testified that he left a forwarding address with postal authorities and his creditors. Id. at 133. Sergeant Perdue testified that appellant left no forwarding address and that appellant's mail accumulated in his mailbox. Id. at 108.
 {¶ 19} Based upon the above evidence, the jury did not lose its way in concluding that appellant knew he had a duty to report to the Stark County Sheriff's Department in order to verify his current address. Accordingly, appellant's conviction is not against the manifest weight of the evidence.
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.