OPINION
{¶ 1} Defendants Vanessa K. McElroy, deceased; Frances Slay, administrator of the estate of Vanessa K. McElroy; and Marcus McElroy, heir to the estate of Vanessa K. McElroy, appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff GMAC Mortgage Corporation on its complaint for foreclosure of property in Canton, Stark County, Ohio. Other defendants were the Stark County Treasurer, Charter One Bank, and Anthony L. McElroy. These defendants are not parties to this appeal. Appellants assign a single error to the trial court:
 {¶ 2} "I. The trial court erred by granting appellee's motion for summary judgment because the apellee did not perfect the lien on the decedent's real property until seven and one half (7 1/2) Months after her death and six (6) months after the Appointment of the Administrator of the Estate."
 {¶ 3} Appellants' statement pursuant to Loc. App. R. asserts the judgment of the trial court is inappropriate as a matter of law on the undisputed facts. In June of 2003, Vanessa McElroy executed a promissory note and a mortgage on her real estate to secure the promissory note for a loan from appellee GMAC. Vanessa McElroy died on September 17, 2003. The Probate Court appointed appellant Frances Slay as the executor of decedent's estate on October 6, 2003. On or about October 15, 2003, appellant Slay notified GMAC of decedent's death.
 {¶ 4} On May 7, 2004, GMAC recorded its mortgage on decedent's property. At this time, the mortgage payments were in default. The terms of the mortgage permitted GMAC to accelerate the balance due on the promissory note. Also on May 7, 2004, GMAC filed a complaint in foreclosure for the total amount due on the note.
 {¶ 5} The trial court entered judgment in favor of GMAC on December 10, 2004, and appellants filed a notice of appeal. Thereafter, the trial court filed an amended judgment entry, which appears to be a nunc pro tunc judgment entry correcting a scrivener's error.
 {¶ 6} The trial court found Charter One Bank and Anthony McElroy were in default for failure to file an answer or other responsive pleading. The court found appellants Frances Slay and Marcus McElroy have rights to the property, but their rights are inferior and subsequent to the lien held by GMAC. The court declined to make additional findings concerning the nature and priority of any rights, interests, titles, or liens, until after the sale of the property.
 {¶ 7} The trial court found decedent executed the promissory note and the mortgage, and found the note is in default. The court found the mortgage was properly recorded with the county recorder and is a valid and subsisting first lien on the property subject only to the lien held by the county treasurer to secure payment of the property taxes. Because Vanessa McElroy is deceased, the court did not grant a personal judgment against her.
 {¶ 8} The parties agree summary judgment is only proper if the movant shows there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law, and reasonable minds can come to but one conclusion, adverse to the party against whom the motion is made, Temple v. Wean United, Inc. (1977), 50 Ohio St. 2d 317. The evidence must be construed most strongly in favor of the nonmoving party, Id. This court reviews a summary judgment de novo, applying the same standard as the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35.
 {¶ 9} Appellants argue the trial court erred as a matter of law because the real property in question passed to the heirs of the estate upon Vanessa McElroy's death, and a subsequently recorded mortgage lien is not valid when the mortgage is only against a decedent and not the heirs. Appellants argue a mortgage lien filed after the obligor is deceased does not encumber the real estate of the decedent.
 {¶ 10} Most of the cases cited by the parties are quite old. Appellants cite Carr v. Hull (1901), 65 Ohio St. 394 and Brockschmidt v.Archer (1901), 64 Ohio St. 502 as authority for the proposition a decedent's real property devises to her heirs upon her death and a mortgage lien recorded afterwards is invalid. GMAC distinguishes Carr,
because it involved claims against an estate of a decedent by the administrator for the administrations debts. GMAC argues theBrockschmidt actually supports its argument.
 {¶ 11} In Brockschmidt, the will of Aaron M. Peasley was admitted to probate in 1837, and left life estates in real estate to his two sons with the remainder to their heirs. In 1850, one of the sons executed a mortgage on his portion of the property. The following year the lender foreclosed on the mortgage. The property was sold and although the borrower had only a life estate, the sheriff's deed conveyed the property in fee simple. In 1894, the heirs of the borrower brought suit, claiming the mortgage could only encumber the borrower's title, a life estate, and the fee simple in the land passed to them as a matter of law.
 {¶ 12} The court found, among other things, the purchaser could claim the title based on the doctrine of adverse possession, because he had held the property for more than forty years. If this case has any bearing on the case at bar, it is for the proposition the heirs take the same interest in the land as the mortgagor had at his death.
 {¶ 13} GMAC cites us to another very old case, Sidle v. Maxwell
(1854), 4 Ohio St. 236, wherein the Ohio Supreme Court held a mortgage is valid and binding between the parties to the instrument even if it is not recorded. It becomes operative as to third persons only when recorded, even if it is not recorded until after death of the borrower, because the recording of the mortgage is solely the act of the lender, and does not require any action or consent by the borrower.
 {¶ 14} Admittedly, the Ohio statutes governing the recording of mortgages have been revised since the Sidle case was decided, but we findSidle does not conflict with Title 21 of the Revised Code. R.C. 2117.29
provides when the only remaining unpaid debts of the estate are secured by liens on the property of the estate, the heirs entitled to receive the property may take the property subject to the liens with the creditors' consent. R.C. 2113.52 provides if real estate devised in a will is subject to a mortgage lien existing on the date of the testator's death, the general directive in the will to pay the outstanding debts of the decedent does not require the lien be satisfied by the estate. Only if the will specifically provides the mortgage lien should be satisfied should the estate pay the debt secured by the lien.
 {¶ 15} In Beneficial Mortgage Company of Ohio v. Currie, Stark Appellate No. 2003-CA-00238, 2004-Ohio-5192, this court found these statutes imply mortgage liens are not subject to R.C. 2117.06, which requires a creditor to file a claim against the estate within one year.
 {¶ 16} We find the trial court did not err in entering summary judgment for GMAC. Pursuant to Sidle, the mortgage and the note were enforceable during decedent's lifetime even if it was not recorded. The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens, see, e.g., Gossard v. Hillman (May 16, 1984), Jackson App. No. 478. We find the property is subject to the mortgage lien, and pursuant to R.C. 2113.52 the heirs take the property subject to the lien.
 {¶ 17} The assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants.