OPINION *Page 2 
{¶ 1} Appellant Ameriquest Mortgage Company, LLC appeals the April 29, 2007 and May 17, 2007 judgment entries of the Perry County Court of Common Pleas in favor of Plaintiff-appellee Wells Fargo Financial Leasing, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Wells Fargo Financial Leasing, Inc. is the successor to Telmark, LLC fka Telmark, Inc. Appellee commenced this action to foreclose its Certificate of Judgment against Richard I. Rinard and Barbara A. Rinard as to real property commonly known as 127 Church Street, Corning, Ohio.
 {¶ 3} Appellant Ameriquest Mortgage Company, LLC filed an answer asserting it had an interest in the subject property via a mortgage executed by Barbara Ann Roberts.
 {¶ 4} Barbara Ann Roberts was married to Richard Rinard from 1999-2001, and took the name of Barbara A. Rinard during that time period. Barbara A. Rinard and Richard I. Rinard each entered into a "Continuing Individual Guaranty of Payment" with Telmark, LLC on May 6, 1998. Thereafter, they defaulted on the obligations contained therein and Telmark LLC obtained a judgment against Barbara A. Rinard on March 27, 2000 in the amount of $33,475.20, plus interest at the rate of 10% per annum from September 29, 1999. A Certificate of Judgment for lien upon lands and tenements, in favor of Appellee and against debtor Barbara A. Rinard was filed and recorded on May 1, 2000, and renewed on April 25, 2005. Wells Fargo Financial Leasing, Inc. was assigned the subject judgment and lien prior to the April 25, 2005 renewal. *Page 3 
 {¶ 5} On March 23, 1991, Barbara Ann Roberts acquired legal title to the real property listed above. On November 11, 1997, Barbara Ann Roberts executed a promissory note and mortgage in favor of MAF, Inc., said mortgage being filed for record in Volume 195, Page 140 of Perry County Records.
 {¶ 6} On May 1, 2000, Telmark, LLC, predecessor in interest to Appellant, filed a Certificate of Judgment for Lien against Richard I. Rinard and Barbara A. Rinard.
 {¶ 7} On August 23, 2003, Barbara Ann Roberts executed a promissory note and mortgage in favor of Ameriquest, with said mortgage being filed for record on September 4, 2003, as Perry County Instrument Number 200300006579. A portion of the loan proceeds underlying the promissory note and mortgage in favor of Ameriquest were used to satisfy the existing mortgage on the property filed for record on November 11, 1997.
 {¶ 8} In the process of obtaining the loan from Ameriquest, Barbara Ann Roberts executed a Uniform Residential Loan Application and Addendum, including a credit report, which identified a judgment in favor of Telmark, LLC and a Statement of Identity she was previously married to Richard I. Rinard.
 {¶ 9} On January 19, 2006, the trial court granted summary judgment in favor of Appellant as to lien priority on the subject property concluding Appellee's Certificate of Judgment against Richard I. Rinard and Barbara A. Rinard did not provide constructive notice to those searching the chain of title.
 {¶ 10} On appeal, this Court held reasonable minds could differ as to whether Ameriquest had actual knowledge of Roberts' prior name and therefore, the Wells Fargo judgment lien. *Page 4 
 {¶ 11} On remand, via Judgment Entry of April 29, 2007, the trial court held Appellee's Certificate of Judgment against Richard I. Rinard and Barbara A. Rinard provided constructive notice to purchasers as to record title of property in the name of Barbara Ann Roberts.
 {¶ 12} Via Judgment Entry of May 17, 2007, the trial court entered judgment and a decree of foreclosure in favor of Appellee, incorporating the April 29, 2007 Judgment Entry, holding Appellee was entitled to foreclose its Certificate of Judgment against Barbara A. Rinard.
 {¶ 13} Appellant Ameriquest now appeals, assigning as error:
 {¶ 14} "I. THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT AMERIQUEST MORTGAGE COMPANY HAD CONSTRUCTIVE NOTICE OF APPELLEE'S CERTIFICATE OF JUDGMENT AGAINST BARBARA A. RINARD.
 {¶ 15} "THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT AMERIQUEST IS NOT ENTITLED TO FIRST LIEN POSITION PURSUANT TO THE DOCTRINE OF EQUITABLE SUBORGATION [SIC]."
 {¶ 16} Appellant argues the Certificate of Judgment against Barbara A. Rinard is not in the chain of title to the subject property; therefore, does not provide constructive notice to those searching real property titled in the name of Barbara Ann Roberts.
 {¶ 17} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of *Page 5 
the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 18} As noted in the statement of the facts and case set forth above, Appellee filed a Certificate of Judgment, pursuant to R.C.2329.02 against Barbara A. Rinard on May 1, 2000.
 {¶ 19} However, the Certificate of Judgment is not in the chain of title to the subject property. Pursuant to R.C. 5301.25, a bona fide purchaser for value is charged with constructive notice of all prior interests recorded in his chain of title. Emrick v. Multicon Builders,Inc. (1991), 57 Ohio St.3d 107. A purchaser is obligated to examine only those instruments which, through due diligence, could reasonably be expected to exist in the record chain of title, and said purchaser is not required to exercise a higher degree of diligence and undertake an exhaustive search of records to discover the most remote adverse claims or encumbrances. Spring Lake v. OFM Co. (1984), 12 Ohio St.3d 333.
 {¶ 20} Accordingly, Appellant Ameriquest was only bound to search the chain of title to the subject property, which at all times relevant, was titled in the name of Barbara Ann Roberts. We agree such search would not provide constructive notice of the Certificate of Judgment filed against Barbara A. Rinard.
 {¶ 21} However, upon review of the record, there was relevant, competent and credible evidence upon which the fact finder could find Appellant had actual notice of the lien. In the process of obtaining the loan from Appellant Ameriquest, Barbara Ann Roberts executed a Uniform Residential Loan Application and Addendum, including a credit report, which identified a judgment in favor of Telmark, LLC and a Statement of *Page 6 
Identity she was previously married to Richard I. Rinard. Accordingly, Appellant had actual notice of the lien.
 {¶ 22} Appellant further argues, even if the Certificate of Judgment were in the Chain of Title, Ameriquest is entitled to first lien position pursuant to the doctrine of equitable subrogation. Appellant notes it used a portion of the loan proceeds to pay off the November 11, 1997 mortgage on the property, which mortgage was incurred four years prior to Appellee's certificate of judgment. However, numerous Ohio courts have held the doctrine of equitable subrogation will not be used to benefit parties who were negligent in their business transactions, and who were obviously in the best position to protect their own interests. Assoc. Financial Servs. Corp. v. Miller (Apr. 5, 2002), Portage App. No. 2001-P-0046; Washington Mutual Bank v. Aultman,2007-Ohio-3706; IndyMac FSB v. Bridges, 2006-Ohio-6639. We find the evidence could support a finding Appellant was negligent in disregarding the Certificate of Judgment and it was in the best position to protect its interest with regard thereto. Accordingly, we do not find the trial court erred in not finding equitable subrogation applied. *Page 7 
 {¶ 23} Based upon the above, the judgment of the Perry County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1