[Cite as *Wells Fargo Bank v. Schwartz*, 2012-Ohio-917.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96641**

# WELLS FARGO BANK

PLAINTIFF-APPELLEE

vs.

# ABRAHAM SCHWARTZ, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-630727

**BEFORE:** Stewart, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEYS FOR APPELLANTS**

William J. Stavole
Kimberlie L. Huff
Michael J. Zbiegien, Jr.
Taft, Stettinius & Hollister, LLP
200 Public Square, Suite 3500
Cleveland, OH   44114-2302

**ATTORNEYS FOR APPELLEE**

Richard A. Freshwater
Thompson Hine, LLP
127 Public Square
3900 Key Tower
Cleveland, OH   44114

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, OH   45342

**ATTORNEY FOR DEFENDANTS ABRAHAM SCHWARTZ AND SALLY SCHWARTZ**

William R. Strachan
Strachan, Miller, Olender & Roessler Co., L.P.A.
1940 Huntington Building
925 Euclid Avenue
Cleveland, OH   44115

**ATTORNEY FOR DEFENDANT KEYBANK NATIONAL ASSOCIATION**

Rebecca Kucera Fischer
Porter, Wright, Morris & Arthur, LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH   44115

MELODY J. STEWART, J.:

{¶1} This appeal concerns a priority dispute between two lienholders: defendants-appellants Reuven Dessler and Robert Klein and plaintiff-appellee Wells Fargo Bank, N.A. Both sides claimed superior liens on a foreclosed residential property owned by defendants Abraham and Sally Schwartz. Wells Fargo indisputably had its lien recorded first, but Dessler and Klein argued that Wells Fargo released its lien in a certificate of satisfaction filed with the county recorder before they established their own lien. Wells Fargo conceded that it released its lien on the record, but claimed to have done so by inadvertently filing under the wrong instrument number. Both parties filed cross-motions for summary judgment on questions of law. A magistrate found that Dessler and Klein could not rely on a single digit discrepancy in the Wells Fargo certificate of satisfaction of lien filed at the recorder's office because the property description in the certificate of satisfaction of lien listed the correct address and legal description of the property that actually had the loan satisfied, thus placing Dessler and Klein on constructive notice to make further investigation. The court approved the magistrate's findings. Dessler and Klein's sole assignment of error contests the summary judgment.

I

{¶2} The pertinent facts are undisputed. Consistent with Civ.R. 56, we review the court's summary judgment de novo to determine whether it erred as a matter of law by

finding that Wells Fargo's certificate of satisfaction placed Dessler and Klein on constructive notice that Wells Fargo had a preexisting lien.

{¶3} In September 2002, the Schwartzes entered into two loan agreements with Wells Fargo. The first was a promissory note and mortgage on real property located at 2500 Blossom Lane in Beachwood, Ohio (the "Blossom property"). This mortgage was duly filed and assigned Instrument No. 200209201335 by the county recorder. The second loan and mortgage was secured by real property located at 2449 Beachwood Boulevard in Beachwood, Ohio (the "Beachwood property"). This mortgage was likewise duly filed and assigned Instrument No. 200209201337 by the county recorder.

{¶4} In March 2003, the Schwartzes refinanced and paid off the loan secured by the Beachwood property. Wells Fargo filed a certificate of satisfaction with the county recorder stating that it "has received full payment and satisfaction" of the mortgage and "does hereby cancel and discharge said mortgage[.]" The certificate of satisfaction went on to state:

> Original Mortgagor:   Abraham and Sally Schwartz
>
> Original Mortgagee:   Wells Fargo Home Mortgage, Inc.
>
> Dated:  09/19/2002   Recorded:  09/20/2002   as   Instrument   No.: 200209201335, in the County of Cuyahoga State of Ohio.

{¶5} The certificate of satisfaction gave a legal description and address of the Beachwood property. Nevertheless, there was no dispute that the instrument number listed in the certificate of satisfaction matched that of the Blossom property.

**{¶6}** In 2007, the Schwartzes executed a note and mortgage to Dessler and Klein and secured it with a lien on the Blossom property. When another bank filed a judgment lien on the Blossom property, Wells Fargo apparently discovered the error in the certificate of satisfaction. It filed an "affidavit as to inadvertent satisfaction" and sought "to revive the mortgage so that it is valid for all purposes." It then filed this action in foreclosure against the Schwartzes for their default on the promissory note. In its complaint, Wells Fargo alleged that "said mortgage was inadvertently released of record on 3/21/03, in Instrument No. 200303210538, of said county Recorder's records," that the mortgage had not been satisfied, and that it filed an affidavit of inadvertent satisfaction of mortgage.

**{¶7}** In support of its motion for summary judgment, Wells Fargo claimed that its mortgage was superior to that of Dessler and Klein because it was filed first in time and that the affidavit of inadvertent satisfaction cured any "confusion" caused by the certificate of satisfaction. Dessler and Klein argued that they had the superior position because Wells Fargo released its lien on the Blossom property, that they were unaware of any senior liens on the property, and that they duly recorded their mortgage before Wells Fargo attempted to revive its mortgage.

**{¶8}** In a detailed decision, the magistrate first considered the import of the certificate of satisfaction filed by Wells Fargo on the Blossom property. Acknowledging that Ohio is a notice state, the magistrate found that instruments filed in the public property record could provide constructive notice of claims or liens on property. The

magistrate found that "an instrument properly filed in the public record provides constructive notice not merely of the presence of the instrument, but also of the *contents* of the instruments." (Emphasis sic.) The certificate of satisfaction listed the Schwartzes as the original mortgagors and Wells Fargo as the original mortgagee, and the magistrate found that a thorough search of the records would have led "[a]nyone searching the alphabetical index" to both the Blossom and Beachwood properties. Hence, the magistrate concluded that the presence in the public record of the mortgages on both properties was, as a matter of law, something that put Dessler and Klein on notice that there may be liens and that they should have more carefully reviewed the certificate of satisfaction. The magistrate concluded that if Dessler and Klein more carefully reviewed the certificate of satisfaction, they would have "readily noted that the legal description in the Satisfaction instrument matched the legal description set forth in the Beachwood Boulevard mortgage." The magistrate also implied that Dessler and Klein had been imprudent by searching only the recorder's alphabetical index of properties and not the tract index, which would have shown the legal description of the property searched. Finally, the magistrate was unimpressed with Dessler and Klein's reliance on a "title report" that showed no encumbrances on the Blossom property. The magistrate found that the title report was not a true title report but merely a "lien search" and did not search back to the date of the original mortgage and, even if it was a "true title report," "would not be controlling as to the effect of the Certificate of Satisfaction, which is a question of law for the court." The court adopted the magistrate's decision in its entirety.

II

A

**{¶9}** Ohio has long adhered to the common law rule of priority for liens (since codified by statute) of "first in time, first in right." *Elstner v. Fife*, 32 Ohio St. 358, 373 (1877); R.C. 5301.23. A mortgage like the one Wells Fargo held on the Blossom property is, in equity, "a mere security for the performance of its condition of defeasance." *Swartz's Executors v. Leist*, 13 Ohio St. 419, 423 (1862). It does not grant legal title to the subject premises, nor does it afford a right of occupancy to the subject premises. *Id.* at 424. A mortgage is thus nothing more than a lien on the premises, the purpose of which is to put other lien holders on notice that there is a prior claim on the premises. R.C. 5301.233; *GMAC Mtge. Corp. v. McElroy*, 5th Dist. No 2004-CA-00380, 2005-Ohio-2837, ¶ 16; R.C. 5301.01(B)(1)(b) (recording of a mortgage is "constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith or any other subsequent holder of an interest in the property * * *").

B

**{¶10}** The magistrate noted, "there is a dearth of legal authority specifically discussing the construction of a satisfaction or release of a mortgage lien." This is likely because a document manifesting the satisfaction, discharge, or release of a lien speaks for itself. R.C. 5301.34 states in relevant part:

> A mortgage shall be discharged upon the record of the mortgage by the county recorder when there is presented to the county recorder a

certificate executed by the mortgagee or the mortgagee's assigns, acknowledged as provided in section 5301.01 of the Revised Code * * *. In addition to the discharge on the records by the recorder, such certificate shall be recorded in a book kept for that purpose by the recorder.

**{¶11}** The effect of the Wells Fargo certificate of satisfaction, as recorded by the Department of the County Recorder for the Blossom property, was to discharge the Wells Fargo lien from the *record*. Discharging the lien from the record did not mean that the mortgage itself had been discharged. Despite Wells Fargo's error in filing the certificate of satisfaction under the wrong property instrument number, the mortgage continued in full force and effect — the Schwartzes continued paying the note on the Blossom property even after the certificate of satisfaction had been filed. But from a notice perspective, the certificate of satisfaction constituted some facial proof that Wells Fargo no longer held a lien on the Blossom property, a fact verified by the language Wells Fargo used in the affidavit seeking reinstatement of the mortgage in which it claimed the mortgage satisfaction had been recorded through "mistake and inadvertence." The mortgage was thus extinguished of record.

III

**{¶12}** Our conclusion that Wells Fargo released its mortgage on the record invokes the following rule of law:

> If a subsequent legal mortgagee with no notice of a prior equitable mortgage should record first, there should be no question of the priority of the legal mortgage, but even if the prior equitable mortgagee records first, the subsequent legal mortgagee taking in good faith before that recordation ought to prevail, since the legal mortgagor [sic?] would have priority under the common law and because the recording statutes, excepting pure race statutes, are not designed to protect prior claimants who do not record. Thompson, Real Property, section 101.06(b), at 442 (1994).

{¶13} However, the magistrate found that Dessler and Klein did not record their mortgage on the Blossom property in good faith because the legal description, address, and mortgage amount of the property contained in the Wells Fargo certificate of satisfaction did not match the Blossom property. The magistrate concluded that these discrepancies were enough to put Dessler and Klein on constructive notice to make further inquiry to determine the disposition of the original mortgage.

{¶14} A party having actual or constructive notice of a defect in a mortgage release is bound by that notice. *Tiller v. Hinton*, 19 Ohio St.3d 66, 68, 482 N.E.2d 946 (1985). There is no question that Dessler and Klein lacked actual notice that Wells Fargo had inadvertently released the mortgage, so the question is whether the undisputed facts were sufficient to show that Dessler and Klein had constructive notice. The magistrate, citing *Thames v. Asia's Janitorial Svc., Inc.*, 81 Ohio App.3d 579, 588, 611 N.E.2d 948 (6th Dist. 1992), found that Dessler and Klein were charged under R.C. 5301.25(A) with tracing, "link by link," their chain of title on the record and all relevant information that would necessarily pass under their inspection. For the magistrate, this meant that parties searching property records must search both the alphabetical (name) index and the sectional (legal description) index for a given property in order to show due diligence. From this, the magistrate concluded that had Dessler and Klein searched in this manner, they would have discovered that the Blossom and Beachwood mortgages were filed the same day, thus alerting them to the possibility of a problem.

**{¶15}** The concepts of "constructive notice" and "due diligence" intersect in real estate transactions. "Constructive notice" has been defined as knowledge of "circumstances which ought to have excited apprehension and inquiry in the mind of a prudent and reasonable [person]." *Varwig v. RR. Co.*, 54 Ohio St. 455, 468, 44 N.E. 92 (1896). "Due diligence" is "diligence of a character exercised by a fair and ordinarily prudent person under the same or similar circumstances." *State v. Stelts*, 2d Dist. No. 91-CA-31, 1991 WL 262685 (Dec. 16, 1991). A person with actual notice of circumstances sufficient to put a prudent person on inquiry as to a particular fact is deemed to have constructive notice of the fact itself in all cases in which that person might have learned the fact with a reasonable inquiry. *In re Marrs' Estate*, 64 Ohio Law Abs. 161, 111 N.E.2d 604 (2d Dist.1951); *Buckeye State Hauling, Inc. v. Troy*, 10th Dist. No. 74AP-399, 1974 WL 184519 (Dec. 31, 1974).

**{¶16}** The purpose of the recording statutes is to protect third parties who might acquire a legal interest in the mortgaged property. *Bloom v. Noggle* (1854), 4 Ohio St. 45, 53-56. In addition, the recording statutes "put other lien holders on notice and * * * prioritize the liens." *GMAC Mtge. Corp. v. McElroy*, 5th Dist. No. 2004-CA-00380, 2005-Ohio-2837, ¶ 16. Proper due diligence in any transaction involving real estate necessarily requires examination of the property record, at least insofar as the real estate is being used as collateral for a debt and the creditor wishes to establish the superiority of a lien against other existing or potential lienholders.

**{¶17}** Dessler and Klein understood their obligation to conduct due diligence before recording their mortgage against the property. They searched the property record and discovered the certificate of satisfaction that Wells Fargo filed. But ending their search at this point was not enough under the circumstances to constitute due diligence because there were two very significant discrepancies that would have given any reasonable person pause. First, the certificate of satisfaction plainly gave the address and legal description of the Beachwood property, not the Blossom property. Second, the amount of the mortgage stated in the certificate of satisfaction was $195,000 even though the recorder's office listed the amount of the mortgage on the Blossom property as $973,000. Either fact standing alone likely would have been sufficient to alert the reasonably prudent person to undertake further investigation before extending a loan to the Schwartzes; with both set of facts obvious on the record, they constituted a red flag that simply could not be ignored.

**{¶18}** Dessler and Klein argue that the mismatched property description was of no consequence because R.C. 5310.46(C) states that the legal description is not an essential component for release of a mortgage. While it is true that the omission of the legal description from a document releasing an interest in real property "does not invalidate that instrument," *id.*, one cannot ignore a legal description if it is included in the document releasing an interest in real property. To hold otherwise would turn the concept of constructive notice on its head. Notice is implied from the facts — it matters not how or why a person learned of those facts or even whether those facts were learned

through gratuitous means. Those facts, once presented to Dessler and Klein, were more than enough to put them on notice that there might be an issue with the Wells Fargo certificate of satisfaction and that further inquiry was necessary.

{¶19} Our conclusion that a reasonably prudent person would have made a further inquiry on the facts presented here seems unremarkable. The $2 million lien that Dessler and Klein wished to record was not a trivial amount. The Schwartzes repeatedly used their properties as collateral for loans. The property record lists multiple mortgages and releases of mortgages on many of the Schwartzes' properties. It would not be unthinkable that in these many transactions a mistake of the kind made here would be manifest to a lender who diligently searched the property record. To be sure, the controversy here stemmed from Wells Fargo's mistake in releasing a mortgage under the wrong instrument number. But that mistake was obvious enough under the facts presented to put the reasonably prudent person on notice that something was amiss.

{¶20} We hold that the court did not err by finding that Dessler and Klein were charged with constructive notice of Wells Fargo's mistake in releasing the lien on the Blossom property. Because they had constructive notice of the mistake, Dessler and Klein did not qualify as good faith lenders whose lien would be superior to that held by Wells Fargo.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR