[Cite as *Acacia on the Green Condo. Assn., Inc. v. Jefferson*, 2016-Ohio-386.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102778**

**ACACIA ON THE GREEN CONDO. ASSN. INC.**

PLAINTIFF-APPELLEE

vs.

**JEVAUN JEFFERSON, ET AL.**

DEFENDANTS-APPELLEES

[Appeal by Ted Properties Mortgage]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-08-656304

**BEFORE:** Blackmon, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 4, 2016

**ATTORNEYS FOR APPELLANT**

Joseph J. Straka
Morscher & Straka
11711 Lorain Ave., #56
Cleveland, Ohio 44111

Gregory W. Happ
P.O. Box 546
331 East Washington Street
Medina, Ohio 44258


**ATTORNEYS FOR APPELLEES**

**For Acacia on the Green Condo. Assn. Inc.**

M. Katherine Bushey
Shannon M. McCormick
Kaman & Cusimano, L.L.C.
50 Public Square
Suite 2000
Cleveland, Ohio 44113

**For Darell Lewis**

Jennifer Schaeffer
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

**For First Horizon Home Loans**

Kathleen A. Nitschke
Michael J. Sikora
Sikora Law L.L.C.
8532 Mentor Ave.
Mentor, Ohio 44060

Lorelei C. Bolohan
P.O. Box 5480
Cincinnati, Ohio 45201

Bill L. Purtell

Lerner Sampson & Rothfuss
120 East 4th Street, Suite 800
Cincinnati, Ohio 45202

Richard T. Craven
8532 Mentor Avenue
Mentor, Ohio 44060

**For Jevaun Jefferson**

Michael L. Nelson
55 Public Square, Suite 1500
Cleveland, Ohio 44113

**For Mortgage Electronic Registration System**

Mortgage Electronic Registration System
P.O. Box 7814
Ocala, Florida 34478

**For Plymouth Park Tax Service**

Leonard A. Cuilli
Keith D. Weiner & Associates Co., L.P.A.
75 Public Square, 4th Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}    Appellant TED Properties Mortgage ("TED") appeals the trial court's granting of summary judgment in favor of appellee First Horizon Home Loans ("First Horizon") after concluding that First Horizon's lien had priority over TED's lien.[1]  TED assigns the following four errors for our review:

> I.   The trial court erred in sustaining a party's objections to a magistrate's decision and granting summary judgment declaring a prior recorded mortgage invalid due to an ambiguous description of the property being mortgaged without considering extrinsic evidence which shows what property was mortgaged.
>
> II.   The trial court erred in sustaining a party's objections to a magistrate's decision and granting summary judgment by failing to recognize that a prior recorded mortgage, even though defective, is a valid equitable lien between the grantor and the grantee and with respect to third parties.
>
> III.   The trial court erred in sustaining a party's objections to a magistrate's decision and granting summary judgment when it held that a written instrument that encumbers real property either as a mortgage or as an equitable lien is unrecorded as a matter of law even though properly executed.
>
> IV.   The trial court erred in sustaining a party's objections to a magistrate's decision and granting summary judgment when the trial court refrained from discussing whether the mortgagee was a bone fide purchaser without either actual or constructive notice of a prior recorded lien.

{¶2}    Having reviewed the record and relevant law, we reverse the trial court's decision. The apposite facts follow.

{¶3}    The issue on appeal involves a priority dispute between two lienholders: TED and First Horizon.  Both parties claimed superior liens on the property located at 2112 Acacia Park Drive, Lyndhurst, Ohio.

---

[1]There were other parties to the action that are not parties to this appeal.

{¶4}    The facts regarding the foreclosure on the property are not in dispute.  Sal Culotta ("Culotta") purchased the property in June 2005.  In order to purchase the property, Culotta obtained two mortgages.  The first mortgage was to Mortgage Electronic Registration Systems, Inc., as nominee for People's Choice Home Loan, Inc. ("MERS mortgage") in the amount of $374,000, and the second mortgage was to TED Properties in the amount of $66,000.  Both mortgages were recorded at the county recorder's office on June 27, 2005, in sequential order.[2]

{¶5}    Jevaun Jefferson ("Jefferson") purchased the property from Culotta by Warranty Deed recorded on July 27, 2007.  In order to finance the purchase of the property, Jefferson obtained two mortgages from First Horizon.  The first mortgage was for the sum of $380,000, and the second mortgage was for the sum of $71,250.  Both mortgages were recorded on July 27, 2007.[3]    The proceeds from these loans were used to satisfy Culotta's $374,000 MERS mortgage and tax liens.  Despite the release of the first Culotta mortgage, the second mortgage from Culotta to TED was not paid for or released from the proceeds of the First Horizon mortgages assumed by Jefferson.

{¶6}    Jefferson defaulted on his payments to First Horizon.  On April 9, 2008, Acacia on the Green Condominium Association ("Acacia") filed a foreclosure action against Jefferson for amounts it had paid to upkeep the property.  First Horizon was named as a defendant in the foreclosure complaint.  On September 16, 2008, First Horizon filed an amended answer that included a cross-claim against TED in which it alleged that TED may claim an interest in the property but that the lien had been paid.  TED filed an answer in which it admitted that it had an

---

[2]The instrument number for the MERS mortgage was 200506271154 and the instrument number for the TED mortgage was 200506271155.

[3]The first mortgage was filed as instrument number 200707270374 and the second mortgage was file as instrument number 200707270375.

interest in the property by virtue of Culotta's unpaid mortgage and denied that the lien had been paid.

{¶7}   First Horizon and TED filed cross-motions for summary judgment in which they disputed whose mortgage had first priority.  First Horizon admitted that TED's mortgage was recorded first in time, but argued that TED's mortgage was invalid because it did not contain a description of the property subject to the mortgage.  The mortgage referred to an attached "Exhibit A" for the land description.  However, no "Exhibit A" was attached.  First Horizon also attached the affidavit of the title examiner of the title agency it retained because of the foreclosure.  The title examiner stated he did not locate the TED mortgage during his search.  In the alternative, First Horizon also argued that the doctrine of equitable subrogation entitled it to lien priority over TED's lien.

{¶8}   In its motion for summary judgment, TED argued that its mortgage was valid and that even if it was defective that First Horizon had actual knowledge of the mortgage because the title agent that conducted the search prior to First Horizon's granting the mortgage to Jefferson, averred in his affidavit that he discovered TED's mortgage and that it was easy to locate the mortgage even though no description of the property was on the mortgage.  The title examiner stated that he told First Horizon's title company twice about the TED mortgage.

{¶9}   The issue of priority was submitted to a magistrate for decision.  On September 18, 2012, the magistrate issued a decision in which it found in favor of TED after concluding that the mortgage from Sal Culotta to TED was valid, and due to the title agent's discovery of the TED mortgage, First Horizon had constructive and actual knowledge of the TED mortgage.

{¶10} First Horizon filed objections to the magistrate's decision that were opposed by TED.  The trial court sustained the objections and granted summary judgment in First Horizon's

favor, finding that the TED mortgage was not a valid mortgage because of its lack of a land description.[4]

## Standard of Review

**{¶11}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶12}** Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

**{¶13}** In the instant case, the pertinent facts are undisputed. Consistent with Civ.R. 56, we review the trial court's summary judgment de novo to determine whether it erred as a matter of law by finding that First Horizon's lien had priority over TED's lien.

## Lien Priority

**{¶14}** For ease of discussion, we will address TED's first, third, and fourth assigned errors together. TED argues that the trial court erred by granting summary judgment in First Horizon's favor because (1) lack of a land description does not invalidate a mortgage, (2) the

---

[4]The initial appeal in this matter was dismissed for lack of a final appealable order because the trial court failed to expressly grant the foreclosure or explicitly state that First Horizon had the first and best lien. The matter was remanded, and the trial court finalized the order.

mortgage was not unrecorded as a matter of law, and (3) First Horizon was not a bona fide purchaser because it had notice of the recorded mortgage.

{¶15} Under Ohio law, a lien recorded first has priority over a lien recorded later in time. R.C. 2329.02 and 5301.23. Thus, because TED's mortgage was filed prior to First Horizon's mortgage, if it is a valid, recorded mortgage, it would have priority over First Horizon's mortgage.

{¶16} Regarding what is required for a mortgage, R.C. 5302.12 provides as follows:

A mortgage in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, has the force and effect of a mortgage to the use of the mortgagee and the mortgagee's heirs, assigns, and successors, with mortgage covenants and upon the statutory condition, as defined in sections 5302.13 and 5302.14 of the Revised Code, to secure the payment of the money or the performance of any obligation specified in the mortgage. The parties may insert in the mortgage any other lawful agreement or condition.

{¶17} R.C. 5302.12 then provides a sample form of a mortgage. In the space requiring the description of the land, the form states where the land description should be inserted and states: "Description of land or interest in land and encumbrances, reservations, and exceptions, if any."[5] Thus, "Ohio mortgage law does not set forth a precise legal description that must be included on a mortgage." *Fifth Third Mtge. Co. v. Brown*, 8th Dist. Cuyahoga No. 97450, 2012-Ohio-2205, ¶ 13. It merely states "description of land or interest in land."

{¶18} In the instant case, the TED mortgage states as follows:

Sal Culotta, the Grantor, for and in consideration of the sum of SIXTY-SIX THOUSAND DOLLARS AND 00/100 ($66,000.00), paid to him/her by TED Properties, LLC, Grantee, Cuyahoga County, Ohio, receipt of which is hereby acknowledged, does give, grant, bargain, sell, assign, and convey unto the Grantee

---

[5]We note at oral argument that the attorney for TED argued for the first time that the form in R.C. 5302.12 also allows for the description of the "interest in land." However, there is no description of the interest in the land in TED's mortgage.

the following-described property, situated in the County of Cuyahoga, and State of Ohio, and described as follows, to wit:

(See attached Exhibit "A")

{¶19} Unfortunately, no "Exhibit A" was attached to the mortgage document. Thus, no land description beyond the county in which the property was located was provided.

{¶20} Whether a complete absence of a land description in the mortgage invalidates the recording of the mortgage is a case of first impression. All of the cases we found concerned a mortgage where the property was at least partially described in some form, i.e., an address, a parcel number and/or metes and bounds. In those cases, the court has held as long as the description would have provided notice to subsequent purchasers, the mortgage had priority over subsequent liens. In the instant case, we have a complete lack of a description.

{¶21} The magistrate found the lack of a legal description did not invalidate the TED mortgage and relied upon case law holding that a defective mortgage is still binding between the parties in the absence of fraud. *See Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 286, 209 N.E.2d 194 (1965); *Citizens Natl. Bank v. Denison*, 165 Ohio St. 89, 133 N.E.2d 329 (1956). However, these cases deal with the validity of mortgages between the parties. The issue as to third parties is whether the mortgage provided notice of the lien to subsequent lienholders. As the court in *Bank of N.Y. Mellon Trust Co., N.A. v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, held:

> In Ohio, the "failure or success of recording an instrument has no effect on its validity as between the parties to that instrument." *Bank One, N.A. v. Dillon*, 9th Dist. No. 04CA008571, 2005-Ohio-1950, ¶ 9. "The purpose of the recording

statutes is to put other lienholders on notice and to prioritize the liens." *GMAC Mtge. Corp. v. McElroy*, 5th Dist. No. 2004-CA-00380, 2005-Ohio-2837, ¶ 16.

*Id.* at ¶ 29.

**{¶22}** The only cases that hold that a mortgage defect results in the mortgage being "unrecorded as a matter of law," concern mortgages that were not properly executed. *See In re Nowak*, 104 Ohio St.3d 466, 2004-Ohio-6777, 820 N.E.2d 335; *Denison,* 165 Ohio St. 89, 133 N.E.2d 329 (1956); *Mtge. Electronic Registration Sys. v. Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, 822 N.E.2d 821 (10th Dist.); *Fifth Third Bank v. Farrell*, 5th Dist. Delaware No. 09 CAE 11 0095, 2010-Ohio-4839. According to these cases, a defectively executed mortgage is invalid as to a subsequent mortgagee or lienholder, even if the subsequent mortgagee-lienholder had actual knowledge of the prior defectively executed mortgage. We note in those cases, even when there was substantial compliance with the execution of the mortgage, the court found these mortgages invalid as to subsequent purchasers with actual notice. In the instant case, there is no dispute that the TED mortgage was duly executed as required by R.C. 5301.01. The TED mortgage on its face establishes that it was signed by Culotta and acknowledged by a notary public.

**{¶23}** Notably, in comparing the defective execution cases with the land description cases, the courts do not invalidate the land description cases as to subsequent lienholders, but instead, determine whether the subsequent lienholders were provided with notice, even in the absence of a perfectly described property.

**{¶24}** The execution of mortgages imbues different considerations because even when the subsequent lienholder has actual notice of a defectively executed mortgage, the courts have invalidated the recording of the mortgage as a matter of law. However, when determining

whether a mortgage complies with the land description requirement, the cases discuss whether the subsequent lienholder had notice of the lien. *Argent Mtge. Co., LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009); *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 2005-Ohio-297, 824 N.E.2d 600 (2d Dist.) ¶ 18.

{¶25} The purpose of recording mortgages and other encumbrances on property is to give notice to bona fide purchasers of the mortgage holder's lien. *Wood v. Fillinger*, 8th Dist. Cuyahoga No. 100464, 2014-Ohio-1842, ¶ 17; *Bradford v. B & P Wrecking Co., Inc.*, 171 Ohio App.3d 616, 2007-Ohio-1732, 872 N.E.2d 331, ¶ 32. R.C. 5301.25 provides:

> (A) All deeds * * * and instruments of writing properly executed for the conveyance or encumbrance of land * * * shall be recorded in the office of the county recorder of the county in which the premises are situated. *Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.* (Emphasis added.)

{¶26} Thus, the recording statute does not protect purchasers of the land who have knowledge of prior encumbrances. "Generally, a mortgagee is entitled to the same protection as a bona fide purchaser, unless he gives value with notice of prior equities." *Morley v. First Fed. S&L Assn.*, 11th Dist. Trumbull No. 97-T-0142, 1998 Ohio App. LEXIS 2640 (June 12, 1998).

{¶27} Here, the affidavit by Gary Rininger ("Rininger"), which was attached to TED's motion for summary judgment, provides evidence that First Horizon had constructive notice of the recorded TED mortgage. Rininger was the title examiner who performed the title search for Clear Trust Title ("Clear Trust"). Clear Trust was the title company hired by First Horizon at the time Jefferson was seeking to obtain a mortgage from First Horizon to purchase the property from Culotta. Rininger stated that the mortgage was easily located by searching the name of the grantor Sal Culotta. He stated as follows:

Culotta is an unusual name. A simple County name search reveals very few results. Three of those results were consecutive County Instrument numbers to wit: Instrument No. 2005506271153 (General Warranty Deed transferring real property from Culotta from TED Properties, LLC), Instrument NO. 200506271154 (First mortgage in favor of MERS, Inc.), and Instrument No. 200506271155 (Second mortgage from Culotta to TED properties, LLC.)

Culotta Aff. at ¶ 8. Culotta stated that the two other documents contained property descriptions. Thus, by looking at the three documents together, it was obvious that the TED mortgage was granted to Culotta so that he could purchase the Acacia property. Culotta Aff. at ¶ 9.

{¶28} Although Rininger averred that the discovery of the mortgage did not require an exhaustive search, First Horizon argues that the search was not within the chain of title. To support its argument that the property was not within the chain of title, First Horizon presented the affidavit of Robert D. Gutin. Gutin was the title examiner for NorthStar Title Services, which examined the title as a result of the foreclosure proceedings. According to Gutin, he did not find the TED mortgage and claimed it was not within the chain of title.

{¶29} The affidavit of Gutin, unlike Rininger's, does not state the steps he took in examining the title. According to Rininger, by simply searching the grantor's last name, he was able to locate the mortgage. In *Field v. Ocwen Loan Servicing, L.L.C. (In re Schlabach)*, 490 B.R. 555, 563 (Bankr.S.D.Ohio 2012), citing *Terlecky v. Beneficial Ohio, Inc. (In re Little Key)*, 292 B.R. 879, 883 (Bankr.S.D.Ohio 2003), the court held that in researching the chain of title:

> a reasonably prudent purchaser would cross reference the essential information available to the purchaser when acquiring real property, including the *grantor's name* and basic information relating to the property description, such as the property address, parcel number and/or legal description. (Emphasis added.)

At a minimum, a potential purchaser is deemed to have searched the record by the name of the purchaser's grantor. *Drown v. Wells Fargo Banks, N.A. (In re Scott),* 424 B.R. 315, 339-340 (Bankr.S.D.Ohio 2010); *Wells Fargo Bank v. Schwartz*, 8th Dist. Cuyahoga No. 96641, 2012-Ohio-917, ¶ 14. Based on the evidence, the mortgage was within the chain of title because it was easily found by searching the grantor's name.[6] If the mortgage is within the chain of title, subsequent lienholders have constructive knowledge of the mortgage. *Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 566 N.E.2d 1189 (1991).

{¶30} Moreover, there was evidence that First Horizon had actual notice of the mortgage. According to Rininger, he notified Clear Title twice about the TED mortgage and was dumbfounded why First Horizon granted the mortgage on the property without first extinguishing the TED mortgage. For whatever reason, Clear Title never notified First Horizon about the TED mortgage and made no effort to extinguish the interest. First Horizon argues that Rininger's knowledge cannot be imputed to First Horizon. However, First Horizon's agent, Clear Title, retained Rininger and had knowledge of the TED mortgage. In *Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, 822 N.E.2d 821 (10th Dist.), the court held that a mortgage company had actual notice of a prior mortgage because the mortgage company's title agent had discovered the prior mortgage. *Id.* at 19.

{¶31} We acknowledge that there will be situations where the lack of a description of the land prevents the subsequent lienholder from having notice of the mortgage. However, based on the unique facts of this case, where a title examiner for the mortgagee located the property with

---

[6]We note that First Horizon contends that pursuant to Equitable Subrogation it would have priority over TED's mortgage even if the mortgage was within the property's chain of title. However, this principle does not apply when the searching party failed to exercise due diligence. *Wells Fargo Fin. Leasing v. Rinard*, 5th Dist. Perry No. 07-CA-8, 2008-Ohio-437.

ease and notified the mortgagee's agent of the prior encumbrance, the mortgagee had both constructive and actual notice of the TED mortgage in spite of the fact the mortgage lacked a property description. Because First Horizon was not a bona fide purchaser, its lien does not take priority over the TED lien. Thus, the trial court erred by granting summary judgment in favor of First Horizon. TED's first, third, and fourth assigned errors are sustained. Given our disposition of these assigned errors, TED's second assigned error is moot and need not be addressed. App.R. 12(A)(1)(c).

{¶32} Judgment reversed and remanded for judgment to be entered in TED's favor.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR